DUCKER, JUDGE:
The claimants, Pearl Criss and Paul Criss, who are wife and husband respectively, claim damages against the West Virginia Department of Highways in the amount of $150,000 for their personal injuries and medical and hospital expenses resulting from the sudden stopping of their automobile when a tree fell from a cliff in front of and on the front part of their automobile.
As there is no substantial conflict in the testimony, the question presented is a legal one as to whether the facts are sufficient to render the respondent liable.
It appears from the evidence that on April 22,1967 the claimant, Paul Criss, with his wife, the claimant Pearl Criss as a passenger, was driving his car, a 1963 Chevrolet four door sedan, in a northerly or easterly direction, on the right hand side of State Route 20, near the intersection of Bennett Avenue in Webster Springs, West Virginia, about 1:30 p.m. on the said date, when suddenly a tree on the cliff on the left hand or other side of the road fell across the road striking the bumper or front part of claimant’s car. The driver of the car when he saw a woman running away from something and then saw *176 a tree falling on his car, “stomped” on his brakes and stopped the car suddenly, thereby throwing his wife in such a manner as to cause injuries to her neck, back, ear, and ribs, for which she was confined in a hospital for approximately five weeks, and from which injuries she says she continues to suffer. The tree was a beech about 18 inches in diameter and one of twin beeches growing on a cliff estimated to be between 20 and 30 feet high adjacent to the road, the tree falling being the one nearest the road. It was estimated that the tree was about 55 to 65 feet in height and had some leaves on it.
There was testimony to the effect that it had been windy early that morning and as one witness said “a good pace of wind was blowing that day, average” and “windy day in April”. The tree was not, according to the witness, Paul Criss, a “dead tree” but “the inside, the heart of any tree is dead— only just a little bit of the sap is all the life in any tree”. The right of way cut for the State Route was made some forty to fifty years ago, leaving the cliff on the side of the road where the beech tree stood. The Highway Department’s office for the maintenance of roads in that area showed that no reports of any dangerous condition at the place of this accident had been made by anyone, although there was testimony to the effect that there had been a fallen tree occurrence a month or two after the accident here involved.
After the fact, it could easily be said that if a thorough inspection had been made of the trees along the cliff adjacent to the road prior to the accident it would have been apparent that it was necessary for the work to be done to eliminate the cause of this accident, and the duty of the respondent to remedy the situation would have been obligatory. But hindsight is not the test. Anticipation of the danger in the reasonably foreseeable future is more properly the basis for the determination of liability. It is unfortunate indeed, when occasions like this arise, but misfortune is not determinative of liability. We must decide in this case on whether there was actionable negligence on the part of the respondent in failing to protect the highway from the falling of the tree. From the evidence it appears that no special consideration had been given by anyone to the effect that there was a hazardous condition existing by reason of the trees on the cliff adjoining the road. *177 It had been forty years or more since the cut leaving the cliff was made, and that no complaints of or occurrences of accidents on that account prior to this occasion had been made, and that constant checkings of the state route are made by the respondent’s supervisor, assistant and foreman, and no report of hazard had been made. While the day of the accident was windy, that fact is hardly material except to indicate some weakness of the tree.
The respondent is not required to be infallible in its inspection of its highways and rights of way, nor is it an insurer of the safety to travelers on its roads, as the Courts have held and as has been previously held by this Court in the case of Parsons v. State Road Commission, Claim No. D-112, in which it is said:
“This Court has many times held that the State is not a guarantor of the safety of its travelers on its roads and bridges. The State is not an insurer and its duty to travelers is a qualified one, namely, reasonable care and diligence in the maintenance of a highway under all the circumstances”.
For the State to guarantee the safety of the travelers upon its highways against the possibility of any tree falling from the many hills and cliffs adjoining the highways in this mountainous state when it has had no notice, or could have reasonably foreseen the probability of such an occurrence, would place liability on the State beyond all reason and expense.
While there was no negligence on the part of the claimants, we think that the respondent has used reasonable care and diligence under all the circumstances in the maintenance of this highway and that the claimants have not shown that it was clearly apparent that the road was hazardous or that the respondent should have made a greater and more detailed inspection to eliminate the condition as an impending hazard to travelers on that road.
Accordingly, we are of the opinion that the respondent has exercised such care as was incumbent upon it in such matters, the claimants are not entitled to recover the damages sustained by them, and we hereby dismiss their claim herein, and make no award.
No award.