JONES, JUDGE:
On February 11, 1967, the claimant, Harold D. Lowe, was driving his 1963 Chevrolet Pick-up Truck in an easterly direction along West Virginia Route No. 27, accompanied by his wife, the claimant Daisy Lowe, and her cousin, Clarence Jones. During the afternoon of that day, at a point approximately two miles east of Wellsburg, a collision giving rise to this action occurred. The highway at that point consists of two eastbound lanes and one westbound lane, and Mr. Lowe was driving in the outside or right-hand lane around a curve to his right. The claimants’ version of what happened next is that they suddenly came upon a boulder about two feet in diameter in their lane of traffic and about thirty feet ahead of them; they could not swerve to the left because of a passing pick-up truck, and there was no room to the right as the hillside came down very close to the pavement; they struck the boulder, breaking it into small fragments, and their truck upset into the hillside. The parties have stipulated damages to the claimants’ vehicle in the amount of $653.00 on a total loss basis; and there is ample medical evidence that Mrs. Lowe sustained severe injuries. The claimants seek damages in the total amount of $10,000.00.
William VanCamp, an employee of the respondent, who was patroling the highway and arrived at the scene of the collision a few minutes after its occurrence, testified that snow had blown onto the highway in the area of the curve, making travel at that point dangerous, and he further testified that tracks or skid marks on the highway showed that the claim *211 ants’ vehicle had veered across the highway to its left, a distance of approximately forty feet, and then had re-crossed the highway a distance of approximately forty feet more before it crashed into the side of the hill. This witness said that he saw no evidence of a boulder, but instead, only three or four small shovels full of shale.
The claimants testified that they did not see any fallen rock signs; but Mr. VanCamp testified that there was such a sign in the direction from which the claimants had come and within one-fourth mile of the place in question.
Before this Court can make an award in a case of this nature, it must appear that the State Agency or its employee has been negligent. We will turn our attention first to that question, and if we find that the respondent was not negligent, then it will not be necessary to decide such issues as contributory negligence or the amount of damages.
Claimants’ counsel contends ¡that the respondent was negligent in failing to construct a 'barrier at the bottom of the hillside in question to prevent falling rocks from rolling upon the highway. To show a need for such protective measures, the claimants presented certain photographs which were admitted into evidence. Some of these were taken by Mrs. Lowe and her son, perhaps ten days to two weeks after the mishap, and show at least one large rock and several smaller ones on the berm and ditch area along the highway. Other pictures, which were not identified as to the time they were taken, but obviously taken in the summertime, at least a few months after the accident, show at least one large rock on the hillside, which appears to be in a precarious position. No other evidence to show a hazardous condition was adduced by the claimants, except certain general statements to the effect that this area was susceptible to slides and therefore dangerous.
Mr. Lowe was well acquainted with this stretch of highway, as he had traveled it frequently over many years, and he testified that he had never observed fallen rocks or shale at the place where the collision occurred, but that he had observed such deposits in other cuts along the highway. At one point in his testimony, Mr. Lowe stated that he had traveled this highway “every night and every morning for going on six *212 years”, and was familiar with the cut in question. He further testified that the curve he was rounding was a blind curve, and that he was traveling forty to forty-five miles per hour. The respondent’s witness, Mr. VanCamp, testified that in the springtime the Department of Highways had some trouble with fallen rocks at the place in question, but no more so than at other places along this and other highways in the Panhandle area. There is no evidence that the claimants or any other person had ever complained or given notice to the respondent that a dangerous condition existed at this location.
From all of the evidence in this case, it seems to the Court that this highway cut and resultant hillside with its many layers of rock and shale is little different from the hundreds and hundreds of other cuts and hillsides along highways all around the State of West Virginia. The unhappy reality of the situation is that our Department of Highways cannot guarantee the traveling public that rocks or trees may not fall upon our highways and thereby cause injury and damage to persons and property. The claimants’ counsel in his brief places great reliance on State ex rel Vincent v. Gainer, 151 W.Va., 1002, in which the Supreme Court of Appeals of West Virginia found the State Road Commission negligent in a fallen rock case and allowed recovery by the claimant. The opinion in that case quotes from Adkins v. Sims, 130 W.Va., 645, a case in which recovery was denied, as follows:
“We do not mean to say that situations may not arise where the failure of the road commissioner properly to maintain a highway, and guard against accidents, occasioned by the condition of the road, may not be treated as such positive neglect of duty as to create moral obligation against the State * *
In the Vincent case, the Court found that a huge boulder had fallen immediately in front of the claimant’s moving automobile; that the State Road Commission had removed a boulder from almost the same place the day before; that other similar rocks on the hillside were visible; that complaints had been made to the State Road Commission concerning the danger of this particular portion of the road relative to large boulders falling in the road; that no warning signs were erected nor were any protective measures taken; and that the *213 claimant had proved a prima facie case of negligence which the State did not attempt to rebut.
In the case of Parsons v. State Road Commission, Claim No. D-112, this Court said:
“This Court has many times held that the State is not a guarantor of the safety of its travelers on its roads and bridges. The State is not an insurer and its duty to travelers is a qualiñed one, namely, reasonable care and diligence in the maintenance of a highway under all the circumstances. The case of Adkins v. Sims, 130 W.Va., 645, 46 S.E. (2d) 81, decided in 1947, holds that the user of the highway travels at his own risk, and that the State does not and cannot assure him a safe journey. The maintenance of highways is a governmental function and funds available for road improvements are necessarily limited.”
While credible testimony in behalf of the respondent would tend to refute certain important allegations of the claimants, even if we give full weight to the claimants’ case, we are unable to say that the respondent should reasonably have foreseen the unfortunate happening here involved. The Adkins case holds that the failure of the State to provide guard rails does not constitute negligence, and we believe that the logic underlying that holding should apply to the erecting of barriers in this kind of a case, unless there is a clear showing that such a dangerous condition is permitted to exist as reasonably would be expected to cause injury or damage to users of the highway. Only reasonable care and diligence are required; and we are of opinion that the claimants in this case have not proved such a positive neglect of duty on the part of the respondent as to create a moral obligation against the State.
We have carefully considered all of the record in this case and the law applicable thereto, including the helpful briefs of counsel for both parties, and it is our conclusion that equity and good conscience do not require that an award be made, and, accordingly, these claims are disallowed.