JONES, JUDGE:
The claimant, Paul J. Mullins alleges in his petition that on June 24, 1971, he hit a rock, the size of a basketball, which was lying in the southbound lane of traffic on State Route No. 14, known as *222 Ferry Branch Road, in the City of Charleston, with his 1966 Cadillac automobile, causing damage thereto in the amount of $235.48. The petitioner further alleges that the rock had fallen from the right of way above the road and that the claimant could not avoid hitting the rock because of oncoming traffic.
Further explaining the circumstances surrounding the accident, the claimant testified that he had lived in the area for about three months, had traveled the road thirty or forty times and he described the road as follows: “It’s a very narrow road wrapped around a cliff. There is no berm on it at all. The rock cliff even hangs over on the road, not the right of way but the road.” The claimant says that there were no “Falling Rocks” signs to warn motorists of the hazards of the roadside terrain, and charges that the failure to erect such signs constituted negligence on the part of the respondent. However, from the claimant’s own description and a number of photographs made part of the record in this case it appears to the Court that a prudent driver would not need a sign to impress upon him the possibility of falling rocks in the area. This is especially true in light of the fact that the claimant was well acquainted with the road and its inherent dangers.
This Court consistently has held that the State is not a guarantor of the safety of travelers on its highways and that its duty to travelers is a qualified one, namely, reasonable care and diligence in the maintenance of a highway under all the circumstances. Parsons v. State Road Commission, 8 Court of Claims, 35; Criss v. Department of Highways, 8 Court of Claims, 210; and Lowe v. Department of Highways, 8 Court of Claims, 175. In this case it does not appear that the failure of the respondent to provide “Falling Rocks” signs was a contributing factor in the circumstances surrounding the accident, and in the Court’s opinion, the claimant has not proved such a positive neglect of duty on the part of the respondent as would impose a moral obligation upon the State to compensate him for his unfortunate loss. Accordingly, this claim is disallowed.
Claim disallowed.