JONES, JUDGE:
On February 20, 1973, Patrick Thomas, stepson of the claimant, Charles M. Walker, was driving the claimant’s 1968 Chevrolet automobile on Greenbrier Street in the City of Charleston about 50 yards north of Piedmont Road when a large rock or boulder, approximately 18 inches in diameter, rolled down from the steep cliff along the highway and struck the right side of the claimant’s vehicle. There is nothing in the record to indicate that the accident could have been avoided by the driver. The claim is for damages in the amount of $211.35, which the respondent, Department of Highways, has agreed to be fair and reasonable.
The driver of the claimant’s car had lived in the area for about ten years and had driven over Greenbrier Street along the same cliff frequently over a long period of time. He had seen some large rocks on the approximately 5-foot wide berm of the thoroughfare and some smaller rocks and dirt which had washed onto the traveled portion of the highway. There were no signs warning travelers to beware of falling rocks, and the claimant contends that the respondent’s failure to erect warning signs was such negligence as would create liability in this case.
This Court has decided several “falling rock” and “falling tree” cases involving the use and care of our highways, some adverse to the claimants and some in favor of claimants where the Court found proof of sufficient negligence to constitute the proximate cause of an injury. One of the adverse cases is Mullins v. Department of Highways, 9 Ct. Cl. 221, which is so similar to this case that the Court quotes a portion of the opinion as follows:
*33 “The claimant says that there were no ‘Falling Rocks’ signs to warn motorists of the hazards of the roadside terrain, and charges that the failure to erect such signs constituted negligence on the part of the respondent. However, from the claimant’s own description and a number of photographs made part of the record in this case it appears to the Court that a prudent driver would not need a sign to impress upon him the possibility of falling rocks in the area. This is especially true in light of the fact that the claimant was well acquainted with the road and its inherent dangers.
This Court consistently has held that the State is not a guarantor of the safety of travelers on its highways and that its duty to travelers is a qualified one, namely, reasonable care and diligence in the maintenance of a highway under all the circumstances. Parsons v. State Road Commission, 8 Ct. Cl. 210; and Lowe v. Department of Highways, 8 Ct. Cl. 175. In this case it does not appear that the failure of the respondent to provide ‘Falling Rocks’ signs was a contributing factor in the circumstances surrounding the accident, and in the Court’s opinion, the claimant has not proved such a positive neglect of duty on the part of the respondent as would impose a moral obligation upon the State to compensate him for his unfortunate loss.”
Applying the reasoning in the Mullins case, this claim is disallowed for failure to prove negligence on the part of the respondent.
Claim disallowed.