JONES, JUDGE:
The claims of James Dewey Edgell (No. D-630a) and Wilma R. Edgell (No. D-630b) against the respondent, Department of Highways, were consolidated for hearing and decision.
On February 26, 1973, the claimant, James Dewey Edgell, then temporarily unemployed, had driven his father to work at Weirton Steel Company in Weirton, West Virginia, and was returning to their home in New Cumberland, West Virginia, when he became involved in an accident. He was driving a 1965 Buick station wagon, owned by his mother, the claimant, Wilma R. Edgell, on West Virginia Route No. 2, in the right-hand or curb lane of two north-bound lanes. At 6:00 o’clock a.m. it was still near-dark and the station wagon lights were on. Mr. Edgell estimated that he was travelling at a speed of about 30 m.p.h. when he heard a loud “rumble” and a large boulder weighing approximately four tons fell on the front bumper and *162 hood of the station wagon, bringing it to a sudden stop and throwing Mr. Edgell against the rear view mirror and the steering wheel. Mrs. Edgell’s car was badly damaged, and Mr. Edgell sustained injuries resulting in the loss of all of his teeth, as well as painful and persistent injuries to his mouth and chest.
This accident occurred in a “falling rocks” area similar to hundreds of others along the highways of West Virginia. “Falling Rocks” signs were in place both north and south of the scene of the accident. Slides have occurred with some frequency between the signs, and there was testimony relating to slides in the immediate area of “two or three” and “three or four” times a year. In 1966 or 1967 the highway at this location was widened by the respondent to accomo-date an additional lane of traffic, but there is no direct satisfactory evidence as to how much, if any, the hillside was displaced or disturbed. Counsel for the claimants contend that the widening of the highway created a more dangerous condition, thus requiring a higher degree of care on the part of the respondent. However, there is nothing in the record to show that the hillside was either more or less susceptible to slides before and after the highway was widened.
In many similar cases this Court has cited and followed the case of Adkins v. Sims, 130 W.Va. 645, 46 S.E. (2d) 81, which holds that the user of the highway travels at his own risk, and that the State does not and cannot assure him a safe journey. Parsons v. State Road Commission, 8 Ct. Cl. 35; Criss v. Department of Highways, 8 Ct. Cl. 210; Lowe v. Department of Highways, 8 Ct. Cl. 175; and Mullins v. Department of Highways, 9 Ct. Cl. 221.
The Court is unable to distinguish this case from the cases heretofore decided by the Court and cited herein; and the Court is of opinion that the claimants have not proved by a preponderance of the evidence that the respondent has been guilty of negligence. Therefore, it is.the judgment of the Court that the claims of James Dewey Edgell and Wilma R. Edgell be and they are hereby disallowed.
Claims disallowed.