GARDEN, JUDGE:
Around 5:00 A.M. on May 17,1974, the claimant was operating his 1974 Plymouth Satellite automobile in a westerly direction on U.S. Route 60 about one mile west of Cedar Grove. Route 60 at this point is a two-lane road. It is level and comparatively straight. Except for a slight haze, the weather conditions were excellent. The terrain to *10 the right of a motorist proceeding in a westerly direction is mountainous, and the claimant who was very familiar with this particular area testified that rock slides frequently occurred near this section of the road, and that the road had been closed a week' before as a result of a large slide.
As the claimant proceeded west at a speed of about 45 miles per hour, he testified that he observed small rocks about the size of a skillet falling from the hillside and into the westbound lane. In order to avoid these rocks, he swerved to the left and into the eastbound lane where he struck a large rock which was in the center of the eastbound lane. According to the claimant, this rock weighed about 400 pounds and was about 18 inches thick. No testimony was presented to indicate how long this rock had been present in the road, but the claimant did testify that he had passed an eastbound tractor-trailer about 100 feet before he struck this rock, and that he had not observed this tractor-trailer make any unusual movements indicative that the tractor-trailer was attempting to avoid this rock. It could therefore be assumed that this rock had fallen into the eastbound lane between the time the tractor-trailer passed the point of the accident and the arrival of the claimant’s vehicle. Cost of repairs to claimant’s car amounted to $190.84, and this claim was filed to recover that amount.
As indicated above, the claimant was well aware that rock slides occurred in this area and that “he had seen it happen before” to use his own words. Asked on cross examination why he didn’t see this rock, the claimant responded, “Just lack of concentration. I hadn’t been out of bed that long anyway.” Again, on cross examination, he was asked if he could have seen this rock had he been looking, and he replied, “Yes, if I had been looking closely.”
We are of the opinion that the evidence in this case fails to establish any negligence on the part of the respondent. No evidence was presented to demonstrate that the respondent knew or should have known of the presence of this rock, and that it had sufficient time to remove the same. As a matter of fact, the evidence would support an inference that the rock had fallen only seconds before being struck by the claimant’s car. This claim is closely akin factually to Lowe v. Department of Highways, 8 Ct. Cl. 210, where this Court stated:
“From all of the evidence in this case, it seems to the Court that this highway cut and resultant hillside with its many layers of *11 rock and shale is little different from the hundreds and hundreds of other cuts and hillsides along highways all round the State of West Virginia. The unhappy reality of the situation is that our Department of Highways cannot guarantee the traveling public that rocks or trees may not fall upon our highways and thereby cause injury and damage to persons and property.”
The duty owed by respondent to the claimant in this case was also clearly set forth in Parsons v. State Road Commission, 8 Ct. Cl. 35, where this Court said:
“This Court has many times held that the State is not a guarantor of the safety of its travelers on its roads and bridges. The State is not an insurer and its duty to travelers is a qualified one, namely, reasonable care and diligence in the maintenance of a highway under all the circumstances. The case of Adkins v. Sims, 130 W. Va., 645, 46 S.E. (2d) 81, decided in 1947, holds that the user of the highway travels at his own risk, and that the State does not and cannot assure him a safe journey. The maintenance of highways is a governmental function and funds available for road improvements are necessarily limited.”
Leaving the issue of the negligence of the respondent, we are of the further opinion that the testimony of the claimant establishes that he was guilty of negligence which proximately and directly caused the accident and resultant damage to his car. He admitted that his failure to see the rock resulted from a lack of concentration and that he would have seen it had he been looking closely. Having observed small rocks falling in the westbound lane and thus being aware that a slide of some magnitude was occurring, we believe that claimant failed to act as a reasonably prudent man, and for these reasons, we are of the opinion to deny this claim.
No award.