RULEY, JUDGE:
In this case the claimant, John J. Bodo, seeks an award of property damage in the sum of $863.71 allegedly sustained by his 1973 model Chevrolet four door sedan automobile in a two vehicle accident which happened at 8:40 A.M. on Monday, February 23, 1976.
The evidence in the case is as follows. The accident occurred at the point where W. Va. Route 65, which runs generally east and west at the place where the accident happened, is joined on its south side by Whitman Creek Road, Secondary Route 9/1. Immediately to the south of the junction, Whitman Creek Road runs over a slightly elevated bridge. The bridge has a steel frame *180 and is approximately twenty feet long and fifteen feet wide. The surface of both highways including the portion of Whitman Creek Road which crosses the bridge is blacktop. The claimant had departed from his home and had driven on his way to work about 2.8 miles in a general northerly direction over Whitman Creek Road to the place where the accident happened. He had been driving over the same route regularly since November, 1975. On the day the accident happened, as he travelled over that distance, he observed what appeared to him to be a mixture of snow and frost in the woods and along the berms of the road but its paved surface was clear and dry. The temperature was approximately thirty degrees. He testified that he slowed the speed of his automobile as he entered the bridge to about five miles per hour but, encountering ice upon its surface, was caused thereby to slide across the bridge and into W. Va. Route 65 where the left front portion of his automobile collided with the right front portion of an eastbound automobile.
The mere presence of ice upon a bridge in the wintertime, causing a traveler to slide or skid thereon, does not constitute negligence on the part of the respondent. 39 Am. Jur. 2d Highways, Streets and Bridges §506. In addition, it is common knowledge that precipitation may accumulate and freeze on bridge surfaces when it melts and runs off or evaporates on other portions of a roadway. This Court has held several times that the State is not a guarantor or insurer of the safety of persons who travel on its roads and bridges. Illustratively, see Lowe v. Department of Highways, 8 Ct. Cl. 210. See also Adkins v. Sims, 130 W. Va. 645, 46 S.E. 2d 81. For these reasons, this claim must be, and it is hereby, disallowed.
Claim disallowed.