RULEY, JUDGE:
On February 18, 1974, Syed Q. Abbas, claimant’s decedent, was killed in a single-car accident. The evidence in the case reveals that Mr. Abbas was travelling south on U. S. Route 119, south of the City of Marmet, at approximately 9:45 a.m., when his car crossed the northbound lane, left the highway, *13 and collided with a tree, killing him. After a night of heavy-frost, the day was clear and cold. Although there was no precipitation on February 17 or on February 18, 1974, prior to the collision, the road in the vicinity of the place where the accident happened had a “dark glaze” of ice upon its paved surface. The highway and its berm near that place are bounded to the east by Lens Creek and to the west by a backwater pond, which drains under the highway into Lens Creek through a concrete flume located approximately 480 feet north of the tree which claimant’s decedent struck.
The claimant alleges that the respondent was negligent in failing to provide adequate drainage for the backwater pond, thereby causing water from the pond to overflow and freeze upon the roadway, resulting in Mr. Abbas’ accident and death.
Pursuant to an Opinion of this Court dated October 18, 1976, this hearing was conducted solely on the issue of liability.
This Court has held consistently that the State of West Virginia is not a guarantor nor insurer of the safety of persons who travel on its roads. See Lowe v. Department of Highways, 8 Ct. Cl. 210. Neither does the presence alone of ice on a roadway prove negligence on the part of the Department of Highways. Bodo v. Department of Highways (CC-76-28). In the case at hand, the evidence failed to establish flooding or any connection whatsoever between the water in the backwater pond and the ice on the highway. Absent any proof that the pond encroached on the roadway, this Court need not confront either the question of the respondent’s alleged negligent response to an alleged drainage problem, or its affirmative defense of contributory negligence. The claimant has failed to prove that the respondent’s alleged negligence caused the accident and death. Accordingly, the claim must be denied.
Claim disallowed.