RULEY, JUDGE:
On Monday, February 28, 1977, while travelling north on Route 62 past the Route 34 intersection, the claimant drove her automobile off her right-hand side of the pavement of the highway into a ditch, damaging the vehicle. The claimant alleges that the accident was caused by the allegedly negligent design of the highway, which narrows to the left at the place where the accident occurred.
Narrow, winding roads are a fact of life in the State of West Virginia. See Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). Recognizing the nature of the State’s terrain and the constraints inherent in a limited budget, our Courts have long held that the State is neither an insurer nor a guarantor of the safety of persons travelling on its roads. Adkins, supra, and Lowe v. Department of Highways, 8 Ct.Cl. 210 (1971). Establishing liability on the part of the Department of Highways requires proof of a violation of the respondent’s duty of “reasonable care and diligence in the maintenance of a high *64 way under all the circumstances.” Parsons v. State Road Commission, 8 Ct. Cl. 35, 37 (1969). No proof of negligence exists in the case at hand. Although the road did narrow at the point of the accident, the respondent had 15 miles-per-hour speed limit signs posted, and another sign warning motorists of a bump in the road near the accident site. There were no defects in the pavement. A motorist travelling at the posted speed limit, exercising any moderate degree of care, should have encountered no difficulties while travelling along Route 62. The respondent met its required standard of care, and was not negligent. Accordingly, this claim must be denied.
Claim disallowed.