WALLACE, JUDGE:
This claim arose as the result of a fall by the claimant in a hole on the bridge across Elk River at Clendenin, West Virginia. The claimant had lived in the vicinity for approximately 40 years, and in Clendenin for six years prior to her accident.
On the morning of August 16, 1976, the claimant and her daughter, granddaughter, and daughter-in-law were going by bus to Charleston. With other passengers, they walked westerly across the Clendenin Bridge to the bus stop on West Virginia Route 119. They used the pedestrian walkway on the right-hand or upper side of the bridge. The claimant testified that the walkway was of wood construction and was in bad condition. She further testified that a board was missing in the walkway when she crossed over it on the morning of the day of the accident. The party returned by bus that day. It was still daylight. The claimant, carrying her purse and glasses in her hand and several packages in her arms, proceeded with other bus passengers easterly across the bridge on the same walkway she had used in the morning. There were people in front and in back of her. As she was proceeding across the bridge, her daughter-in-law warned her of the hole in the walkway. She fell into the hole about the same time the warning was given. A policeman and others assisted her in getting out of the hole. Her daughter-in-law drove her to a Charleston hospital where she was a patient for almost two weeks. She suffered from bruises, abrasions, and shock.
The claimant, according to the evidence presented in the record of this case, was guilty of contributory negligence as a matter of law. Had she exercised the reasonable care required *137 of her under the circumstances and maintained a proper and effective lookout for the hole which she knew to be there, she would have seen it in time to avoid injury. To be actionable, the negligence of the respondent must be the proximate cause of the injury. The Court is of the opinion and finds that under the circumstances of this case, the condition of the bridge was not the proximate cause of the accident. The claimant’s failure to take the necessary precautions for her own safety was the proximate cause of her injury.
Accordingly, the claim is disallowed.
Claim disallowed.