RULEY, JUDGE:
On June 5, 1975, claimant’s decedent was driving north on West Virginia Route 2 near Follansbee when his car slid to the left, crossed three lanes of traffic, and collided with a telephone pole, killing him. Claimant, seeking damages for the alleged wrongful death, alleges that the respondent negligently caused gravel and slate to be on the road which, moistened by rain, caused the road to be slippery and thereby caused the accident.
The State is neither an insurer nor a guarantor of the safety of motorists travelling on its highways. Adkins v. Sims, 130 W.Va. 645 (1947); Lowe v. Department of Highways, 8 Ct. Cl. 210 (1971). Thus, establishing negligence on the part of the respondent requires proof that respondent failed to conform to a standard of “reasonable care and diligence * * * under all circumstances.” Parsons v. State Road Commission, 8 Ct. Cl. 35 (1969). The evidence in this case fails to meet that burden of proof. In fact, the evidence is conflicting regarding the very existence of the alleged dangerous condition. Several witnesses testified that road repair crews, working on the berm near the accident site on the day of the accident, did not leave any dirt or slag on the highway. The police officer who arrived on the scene immediately after the accident testified that the road was wet, but that there was no debris on the highway. Others reported “dirt and mud laying on Route 2”, and one witness said, “The road was covered with slag and cinders.” Even if the Court concludes that there was debris on the road, it could not *140 conclude that its presence there was caused by negligence on the part of the respondent.
The evidence also is conflicting as to whether the road was wet or dry. Wet roads, like roads with a splattering of dirt or ■gravel, are obvious dangers for which drivers should take reasonable precautions. “Ordinary prudence requires a driver to take greater care in keeping control of his vehicle under such adverse (wet) conditions.” Frazier v. Department of Highways, 9 Ct. Cl. 171 (1972). Certainly, the respondent cannot be held responsible for whatever moisture, if any, fell on the roadway. If the respondent knew or in the exercise of ordinary care should have known that rain would create an especially dangerous condition at the place where the accident happened, and failed to take reasonable precautions to protect motorists, then perhaps the respondent would have been guilty of negligence. (See Frazier, supra.) But there was no evidence to that effect. For the foregoing reasons, the claim must be denied.
Claim disallowed.