WALLACE, JUDGE:
The claimant seeks damages in the amount of $6,300.35 from the respondent occasioned by an automobile accident on June 17, 1976. The accident occurred at approximately 5:30 a.m. The claimant lived about three miles north of Spencer, West Virginia, at Tariff, West Virginia. She was employed by Norris Industries in Spencer. On the morning of the accident, the claimant was driving alone to work on West Virginia Route 14 in her 1974 Ford Pinto. There had been unusually heavy rain *141 fall during the night. At a point approximately % mile from Spencer, she entered a curve in the highway where she encountered gravel across the highway washed there by the night rain. She testified that the speed limit was 25 miles per hour and that she was travelling at 20 to 25 miles per hour. She stated that she attempted to slow down but the automobile started to slide. The vehicle slid into an embankment on the left side of the highway, proceeded back across the road, over a guardrail, and down into a ravine. The automobile was destroyed. The claimant received injuries requiring hospitalization for five days. She was unable to return to work until July 12, 1976.
Corporal Stanley B. Rexrode of the West Virginia State Police testified that after being notified of the accident he arrived at the scene at approximately 6:10 a.m. He assisted in the removal of the claimant from her automobile. His investigation revealed that the claimant’s automobile had skidded 75 feet before hitting the embankment, then proceeded across the highway, over the top of the guardrail, and into a ravine, a total distance of 151 feet. He stated that there was a heavy concentration of gravel in the curve of the roadway from the washout due to summer thunderstorms the night before. The road had recently been blacktopped, and the berm had been raised to correspond with the blacktop. Gravel had been placed on the berm the entire contract length. He stated that during the construction there had been gravel on the road on one other occasion. This was reported, and the gravel was removed by the respondent.
In line with decisions of the Supreme Court of Appeals of West Virginia, this Court has consistently held that the State is not a guarantor of the safety of travelers on its roads. The user of the highways travels at his own risk. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947); Parsons v. State Road Comm’n., 8 Ct. Cl. 35 (1969). For negligence of the respondent to be shown, proof that the respondent had actual or constructive notice of the defect in the road is required. Davis Auto Parts v. Department of Highways, 12 Ct. Cl. 31 (1977); Lowe v. Department of Highways, 8 Ct. Cl. 210 (1971); Varner v. Department of Highways, 8 Ct. Cl. 119 (1970). There is no evi *142 dence in the record of any notice to the respondent that the gravel had washed on the highway during the night; the existence of the gravel in the road does not in itself establish negligence per se. Light v. Department of Highways, 12 Ct. Cl. 61 (1978).
From the record, the Court does not believe there is a clear showing that the respondent knew or should have known a condition existed which would be expected to cause injury or damage to the claimant.
Accordingly, this Court finds that the claimant is not entitled to recover the damages sustained by her, and hereby disallows the claim.
Claim disallowed.