WALLACE, JUDGE:
Claimant filed a claim in the amount of $15,500.00 against the respondent for injuries received as the result of a fall. Claimant was an employee of the Department of Welfare. On April 17, 1975, at approximately 3:00 p.m., the claimant, with a friend, was returning to her automobile across the street from the Welfare Office in the 400 block of Main Street in Wheeling, West Virginia. Main Street is also West Virginia Route 2. The weather was clear, the sun shining. As the claimant approached the other side of the street from the Welfare Office, and before her companion could warn her, she stepped into a hole in the surface of the pavement and fell. She received a sprained fracture of her left ankle and was hospitalized until April 21, 1975.
It is well established that the State is neither an insurer nor guarantor of the safety of persons travelling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E. 2d 81 (1947). The same is applicable to pedestrians crossing the highway. To establish negligence, there must be proof that the respondent had actual or constructive notice of the defect in the road. Light v. Department of Highways, 12 Ct. Cl. 61 (1978); Lowe v. Department of Highways, 8 Ct. Cl. 210 (1971); Varner v. Department of Highways, 8 Ct. Cl. 119 (1970). Without notice to the respondent, the mere existence of a defect in the road surface is not negligence per se. Light v. Department of Highways, 12 Ct. Cl. 61 (1978).
Accordingly, the Court is of the opinion to and does disallow the claim.
Claim disallowed.