RULEY, JUDGE:
On March 9, 1978, at about 12:30 a.m., the claimant, while proceeding from Oak Hill to Pineville in his 1977 Grand Prix automobile, drove over and along what is commonly referred to as the Old Rhododendron Trail. The claimant described the road, other than the area where the pothole was located, as a great piece of highway, and he explained that he struck the pothole because it was filled with water and thus could not be observed. No evidence was introduced to establish that respondent knew or should have known of the existence of this pothole. Damages were in the total amount of $198.00.
The State is neither an insurer nor a guarantor of the safety of persons travelling on its highways. Adkins v. Sims, 130 W. Va. 645, 46 S.E. 2d 81 (1947). For negligence of the Department of Highways to be shown, proof that the respondent had actual or constructive notice of the defect in the road is required. Davis Auto Parts v. Department of Highways, 12 Ct. Cl. 31 (1977); Lowe v. Department of Highways, 8 Ct. Cl. 210 (1971); Varner v. Department of Highways, 8 Ct. Cl. 119 (1970). There is no evidence in the record of any notice to the respondent; and the simple existence of a defect in the road does not establish negligence per se. See Light v. Department of Highways, 12 Ct. Cl. 61 (1978); Bodo v. Department of Highways, 11 Ct. Cl. 179 (1977); and Rice v. Department of Highways, 12 Ct. Cl. 12 (1977). This claim must be denied.
Claim disallowed.