GARDEN, JUDGE:
Claimant’s son, John M. Pratt, was operating his father’s 1973 Oldsmobile in a southerly direction on Route 214 in Ka-nawha County on the evening of March 3, 1978, when the right wheels of the car struck a pothole which was filled with water and as such, unobservable. Claimant seeks an award of $377.36 which was the cost of repairing the damage to the car.
John M. Pratt and two companions testified that they had no knowledge of the existence of the pothole; that the speed of the car was between 30 and 40 miles per hour; and that none of them saw the hole prior to impact because the pothole was filled with water. The claimant testified that he had observed the subject pothole some two weeks before the accident. He further testified that after the accident he measured the hole, which was elliptical in shape, and found it to be 15 to 20 inches on the short axis and 20 to 25 inches on the long axis. No testimony was presented which would establish that respondent knew or should have known of the existence of this pothole.
*177 It is axiomatic that the State is neither an insurer nor a guarantor of the safety of persons travelling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E. 2d 81 (1947). In order to establish negligence on the part of the respondent, it is necessary to establish that it had notice, either actual or constructive, of the defect in the road. Davis Auto Parts v. Department of Highways, 12 Ct. Cl. 31 (1977); Lowe v. Department of Highways, 8 Ct. Cl. 210 (1971); Varner v. Department of Highways, 8 Ct. Cl. 119 (1970). Mr. Pratt testified that he had observed the pothole two weeks before the accident. We do not feel that this is sufficient to establish constructive notice to respondent of the pothole’s existence. The simple existence of this pothole does not establish negligence per se. See Light v. Department of Highways, 12 Ct. Cl. 61 (1978); Bodo v. Department of Highways, 11 Ct. Cl. 179 (1977); and Rice v. Department of Highways, 12 Ct. Cl. 12 (1977). By reason of the above, this claim is disallowed.
Claim disallowed.