WALLACE, JUDGE:
The claimant, Mary Jo Hall, filed this claim against the respondent for injuries received as a result of a fall when leaving a ladies’ rest room at Faifmont State College. The claimant had enrolled in the school in late August or early *233 September of 1973. On November 12, 1973, she went to a ladies’ rest room on the second floor of the Administration Building near her classroom. She had never used this rest room previously. The elevation of the rest room floor was seven inches higher than the level of the hallway floor. To enter the rest room, it was necessary to step up into the room; when leaving, it was necessary to step down. There were no obstructions on the floor of the rest room nor in the hall. Before entering the room, it was necessary for the claimant to allow two girls to leave. She then proceeded to enter, stepping up into the room. She stayed for a very short time and as she was leaving, she opened the door, missed the step, and fell into the hall. The claimant testified, “I didn’t see the step when I opened the door and stepped out; I didn’t see it.” The claimant received a severe fracture of the left arm which required extensive medical treatment, surgery to the elbow, and hospitalization. At the time of the accident, the claimant was carrying two books in her left arm and a strap purse over her right shoulder. There were no signs inside or outside the rest room warning of the step. The evidence indicated that there had been a sign inside the rest room, but someone had removed it.
The claimant was a student at Fairmont State College and “. . . students in a building are generally held to have the status of invitees to whom the school owes a duty to make the premises reasonably safe,” 34 A.L.R.3d 1179. The claimant, as a student, was an invitee upon the premises of the school, and the duty of the school is limited to that owed to an invitee.
Although we are most sympathetic toward the claimant for the injuries she sustained, the absence of a sign in the rest room is not sufficient to establish liability on the part of the respondent. Having stepped up when she entered the rest room, she must, had she been exercising ordinary care, have known that she would have to step down when she departed. The claimant testified that she was carrying two books in her left arm, had a strap purse over her shoulder, and did not see the step when she opened the door.
Considering the record in this case, the only conclusion is that the accident was one which would not have occurred if *234 the claimánt had been exercising ordinary care when leaving the rest room. The claimant’s lack of such care was contributory negligence on her part, if not the sole proximate cause of the fall. Accordingly, this claim is disallowed.
Claim disallowed.