WALLACE, JUDGE:
This claim, in the amount of $86.95, was filed against the Department of Highways by the claimants for damages sustained by their 1978 Delta 88 Oldsmobile automobile.
On January 27, 1978, at approximately 7:00 p.m., the claimants were traveling westerly on U. S. Route 60 just west of Montgomery, West Virginia. The claimant Lawrence Ferguson was driving at approximately 40 to 45 miles per hour. It was dark, and the road was clear. As they were proceeding around a curve, the automobile struck a pothole in the highway, damaging a tire, rims, and hubcaps. Mr. Ferguson testified that he had seen other potholes prior to the accident and that he saw the one he struck just prior to the accident, but *327 was unable to stop or miss it because of the traffic behind him.
The consistent position of the Court with respect to cases involving alleged highway defects is set out in the case of Parsons v. State Road Comm’n., 8 Ct. Cl. 35 (1969), wherein the Court stated in part as- follows: “This Court has many times held that the State is not a guarantor of the safety of its travelers on its roads and bridges. The State is not an insurer, and its duty to travelers is a qualified one; namely, reasonable care and diligence in the maintenance of a highway under all the circumstances.” The case of Adkins v. Sims, 130 W.Va. 645, 46 S.E. 2d 81 (1947) holds that the user of the highway travels at his own risk and that the State does not and cannot assure him a safe journey. The maintenance of highways is a governmental function, and funds available for road improvements are necessarily limited.
There is no evidence in the record that the respondent had notice of the pothole prior to the accident, and the existence of a defect in the road does not establish negligence per se. See Bodo v. Dept. of Highways, 11 Ct. Cl. 179 (1977) and Light v. Dept. of Highways, Claim No. CC-77-53.
Accordingly, the Court is of the opinion to and does disallow this claim.
Claim disallowed.