WALLACE, JUDGE:
The claimant, Chrystine Winer, seeks recovery for alleged damages in the amount of $171.12 for personal injuries suffered when, as a pedestrian, she fell after the heel of her shoe became caught in a gap between a sidewalk and curb.
Between 4:00 p.m. and 4:30 p.m, on the clear and dry day of March 31, 1978, the claimant was walking home after an appointment with her hairdresser. While crossing the intersection of Chestnut and Walnut Streets in Clarksburg, West Virginia, the claimant stepped up onto the sidewalk adjacent to the eastbound ramp to U.S. Route 50. The heel of her shoe caught in a gap, slightly more than an inch in width, which separated the curb from the sidewalk, causing the claimant to lose her balance and fall. The claimant testified that she was carrying only her pocketbook and that, while unaware of the existence of the gap between the sidewalk and the curb, she had walked the particular route where the accident occurred since 1948.
Assuming that the respondent was negligent in failing to remedy the alleged defect, and that the gap did in fact constitute a dangerous condition, the claimant failed to exercise reasonable care for her own safety. It is well settled that a pedestrian has the duty to exercise ordinary and prudent care *354 for his own safety and to look for and protect himself from known and visible dangers. Failure to do so under normal circumstances constitutes contributory negligence as a matter of law. Jackson v. Cockill, 149 W.Va. 78, 138 S.E.2d 710 (1946); Vance v. Department of Highways, 10 Ct. Cl. 189 (1975).
The injuries suffered by the claimant were proximately caused by her own negligence, and, accordingly, the Court disallows her claim.
Claim disallowed.