WALLACE, JUDGE:
The claimant filed this claim against the respondent for damages sustained to his automobile.
On Saturday, March 8, 1980, at approximately 6:30 p.m., the claimant was driving his 1977 Pontiac Catalina automobile on Rosemar Road between Route 68 north and Route 14 in Vienna, West Virginia. Accompanied by his wife, he was proceeding to the Grand Central Mall. It was dark and rainy. Rosemar Road is a two-lane blacktop access road to the mall. The claimant testified that he was travelling at approximately 20 miles per hour. While, attempting to avoid hitting a puddle of water, which he thought to be a pothole, the right rear wheel of his vehicle struck a pothole causing damages in the amount of $188.37.
The record revealed that the claimant did not travel the road frequently and did not know the hole existed.
The law of West Virginia is well established that the State is neither an insurer nor a guarantor of the safety of persons travelling on the highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947); Parsons v. State Road Comm’n., 8 Ct.Cl. 35 (1969). For negligence of the respondent to be shown, proof of actual or constructive notice of the defect in the road is required. Davis Auto Parts v. Dept. of Highways, 12 Ct.Cl. 31 (1977). There is no evidence in the record of any notice to the respondent, and the simple existence of a defect in the road does not establish negligence per se. See Bodo v. Dept. of Highways, 11 Ct.Cl. 179 (1977); Light v. Dept. of Highways, 12 Ct.Cl. 61 (1977). Since negligence is not proven, this claim must be denied.
Claim disallowed.