WALLACE, JUDGE:
Margaret Spatafore filed this claim against the Department of Highways in the amount of $72.68 for damages to a 1975 Buick automobile. As the record indicated that the automobile was jointly owned by Margaret Spatafore and Joseph Robert Spatafore, the Court, on its own motion, amended the style of the claim to reflect both parties in interest.
The claimants’ automobile was damaged when Margaret Spatafore was proceeding north on Kelly Hill in Clarksburg, West Virginia, at approximately 3:00 p.m. on March 27, 1980. As she proceeded up the hill, the automobile struck a large pothole in her lane of travel, damaging the left front tire. It was raining at the time of the accident. The claimant testified that there were two holes “. . .and to keep from hitting one, you have to hit the other. ...” She was unable to avoid the holes because of oncoming traffic.
The claimant also testified that, a month before the accident, she had called the Clarksburg District Office of the Depart *19 ment of Highways to report the existence of these two holes. Mrs. Spatafore further stated that she passed the area of the accident every day and knew of the existence of the pothole in question.
The State is neither an insurer nor a guarantor of the safety of motorists travelling upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To be found liable, the respondent must have had either actual or constructive notice of the particular hazard which caused the damage. Davis v. Dept. of Highways, 11 Ct.Cl. 150 (1976). From the evidence, it appears that the respondent was negligent in failing to repair the road after being notified of the potholes. However, the claimant, with her knowledge of the road’s condition, was also negligent.
This Court is constrained to follow its prior application of the doctrine of comparative negligence in the case of Hull v. Dept. of Highways, 13 Ct.Cl. 408 (1981), in which the. claimant’s negligence, as in the case at hand, was equál to or greater than that of the respondent. The claim must therefore be denied.
Claim disallowed.