RULEY, JUDGE:
On December 21, 1978, at about 8:30 p.m., the claimant was driving his 1971 Chevrolet south on U.S. Route 52, the Big Sandy Road, in Wayne County. The weather was clear and dry. At a point one mile north of Whites Creek Road (milepost 10.90), Mr. Roberts encountered a rock slide and collided with a large rock approximately five feet in diameter. As a result of this collision, Mr. Roberts suffered lacerations of the face, groin, and left thigh, plus a broken left ankle and two broken toes on his left foot. He remained hospitalized for thirteen days and missed nine weeks of work, and his car irreparably damaged.
The main issue in this case is the location of the large rock at the time of the collision. Mr. Roberts testified that it was upon the west berm, that it had been there for at least two months and that he was obliged by a rock slide to veer off the pavement onto the berm where his car struck the rock. That evidence was completely rebutted, however, by the testimony of the investigating State Police officer and by photographs 'taken shortly after the accident occurred which clearly demonstrate that the rock was located at about the middle of the southbound lane at the time the collision occurred, and that it remained there until it was removed to the berm later *26 that night. It had fallen and rolled into the southbound lane shortly before the accident happened. The accident occurred in an area where rock slides were common, and the claimant testified that he was aware of that fact.
It is well established that the State is neither an insurer nor a guarantor of the safety of motorists travelling on its highways. Adkins v. Sims, 130 W.Va. 645 (1947); Lowe v. Department of Highways, 8 Ct.Cl. 210 (1971). Thus, establishing negligence on the part of the respondent requires proof that respondent failed to conform to a standard of “reasonable care and diligence * * * under all circumstances.” Parsons v. State Road Commission, 8 Ct.Cl. 35 (1969). The evidence in this case fails to meet that burden of proof, and, accordingly, this claim must be disallowed.
Claim disallowed.