WALLACE, JUDGE:
The claimant is seeking an award of $259.56 from the respondent for damage sustained by his 1979 Cadillac Eldorado automobile.
On December 10, 1980, the claimant’s wife, Katherine N. Piazza, was driving to work in claimant’s automobile on Interstate 70 at approximately 5:40 a.m. It was dark, and there were no adverse road conditions. She was proceeding westerly at about 45 miles per hour in the center lane through the Mount de Chantal area of Wheeling, West Virginia. Interstate 70 at this point has three westbound lanes. Mrs. Piazza testified that she uses 1-70 every day when going to and from work; that there were no vehicles in front of her, and that she suddenly came upon a pothole and it was too late to avoid hitting it . The automobile struck the pothole, damaging the right front wheel and rim. She stated that the hole was not very large, but that it was deep, and had not been there the previous day.
The claimant testified that he drove his 1981 Ford Van through the same area at 9:00 a.m. on the same day and saw the hole. Pie stated that he drove this road daily but hadn’t seen the hole before.
The law of West Virginia is well established that the State is neither an insurer nor a guarantor of the safety of motorists travelling on its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be guilty of negligence, proof of actual or constructive notice of the defect in the road is required. Davis Auto Parts vs. Dept. of Highways, 12 Ct.Cl. 31 (1977). There is no evidence in the record of any *66 notice to the respondent, and the simple existence of a defect in the road does not establish negligence per se. See Bobo vs. Dept. of Highways, 11 Ct.Cl. 179 (1977). Since negligence has not been proven, this claim must be disallowed. Duskey vs. Dept. of Highways, 13 Ct.Cl. 401 (1981).
Claim disallowed.