WALLACE, JUDGE:
At about 10:00 a.m. on November 17, 1980, th claimant, L. P. King, Jr., was operating a 1979 Thunderbird on Route 54 in Raleigh County, West Virginia. The automobile was owned by his wife, Evelyn King, who is also a claimant. Mr. King, a resident of Mullens, was taking his young son to the YMCA in Beckley. In proceeding from Lester to Glen White, the automobile was severely damaged when it struck a pothole near the edge of the road in Mr. King’s lane of travel. A written stipulation was filed by counsel for the parties reflecting that the cost of repairing the automobile amounted to $645.14. The claimant spent a considerable length of time effecting emergency repairs to the car and was unable to report for his shift work with the N & W Railway Co. The stipulation further reflects that as a result he lost one day’s wages in the amount of $80.10.
Mr. King testified that he was familiar with Route 54 between Mullens and Beckley as a result of travelling that way a few times a week. As he proceeded down a hill between Lester and Glen White and into a turn to his right at a speed of between 35 and 40 miles per hour, he encountered two or three potholes within a distance of 20 to 25 feet of each other, located on the right-hand side of his lane of travel. He indicated that he was unable to avoid the holes by moving to his left because another vehicle was approaching from the opposite direction. As a result, he struck one of the holes, which he estimated to be 14 to 18 inches in diameter and 8 to 9 inches in depth. According to Mr. King, the hole covered the width of the white line on the right-hand side of his lane and extended an addi *80 tional 6 inches into his lane of travel. Mr. King further testified that he was aware of the existence of these holes in that he had observed them for two months prior to the accident. He stated that he had not reported the holes to the respondent because he was a resident of Wyoming County, and he felt sure that someone from Raleigh County would have reported them.
Jennings Martin, respondent’s Raleigh County supervisor, testified on behalf of the respondent. He indicated that his office had not received any specific complaints concerning potholes on Route 54 in the Glen White vicinity prior to November 17, 1980. Mr. Martin also stated that, according to his records, his crew had conducted routine maintenance on October 10, 1980, which included patching on Route 54 in the Glen White area. On cross-examination, Mr. Martin testified that a week after the maintenance work had been performed, he had inspected the work and did not observe any potholes at any place on Route 54. While he would not deny that the potholes might have been present on November 17, 1980, he stated that he was unaware of it.
The case of Adkins v. Sims, 130 W. Va. 645, 46 S.E.2d 81 (1947), has often been cited by the Court as the leading case in West Virginia for establishing the legal principle that the State is neither an insurer nor a guarantor of the safety of motorists travelling upon its highways. We have further held, in the many pothole claims that have been presented over the years, that in order to predicate liability upon the respondent, the claimant must establish notice, either actual or constructive, to the respondent of the existence of a defect or pothole. Davis v. Dept. of Highways, 11 Ct.Cl. 150 (1976); Spatafore v. Dept. of Highways, 14 Ct.Cl. 18 (1981); Piazza v. Dept. of Highways, 14 Ct.Cl. 65 (1981).
Following these principles, the Court is of the opinion that the claimant has failed to establish by a preponderance of the evidence a case of liability against the respondent; accordingly, an award is hereby denied.
Claim disallowed.