RULEY, JUDGE:
On January 9, 1981, at about 4:00 p.m., the claimant was driving his 1970 Cadillac in a southerly direction on Raccoon *126 Creek Road in Cabell County when he collided with a 1972 Volkswagen driven by Phillip Chapman. The accident occurred at a point about 1% miles from the McComas School, where the two-lane blacktop road was curved and banked. As Mr. McKendrick rounded this curve at approximately 15 miles per hour, his vehicle slipped on a patch of ice, slid across the center of the road, and collided with Mr. Chapman’s vehicle, which was rounding the curve from the opposite direction. Damage in the sum of $650.00 was sustained by the Chapman vehicle, and $350.00 by the McKendrick vehicle. The claimant paid Mr. Chapman for the damage to his vehicle and now seeks to recover the damage to both vehicles, namely, $1,000.00. Mr. McKendrick claims that the Department of Highways was negligent in failing to divert the water flow across the highway and in failing to salt the road surface after it froze.
During cross-examination, Mr. McKendrick testified that the ice patch had just formed on the day of the accident, as it was not there when he had driven over the highway earlier in the day.
Testifying for the respondent was Donald Turner, the Department of Highways maintenance supervisor for Cabell County, who stated that, for snow and ice removal or treatment, Raccoon Creek Road was rated at a priority of 4 on a scale of 6, with numbers 1-3 being interstates, primary roads, and feeder roads; that, before any work could be done on a priority 4 road, all roads in the county having higher priority numbers must have been judged safe for passage; and that the maintenance men simply had not yet reached priority 4 roads at the time of the accident. If the flow of water across the road were caused by a defect in its drainage, there could be no liability on the part of the respondent in the absence of proof that it had actual or constructive knowledge of the defect. See Davis Auto Parts v. Dept. of Highways, 12 Ct.Cl. 31 (1977) and Lowe v. Dept. of Highways, 8 Ct.Cl. 210 (1971). For those reasons, this claim must be denied.
Claim disallowed.