WALLACE, JUDGE:
The claimant sustained injuries and her automobile was a total loss as the result of a single-vehicle accident which *134 occurred on November 13, 1979. She filed this claim against the respondent in the amount of $20,000.00 for her damages.
At approximately 1:00 p.m. on the day of the accident, the claimant, accompanied by her sister and her sister’s infant daughter, was returning to Marietta, Ohio, from the mall at Vienna, West Virginia. She was proceeding northerly in her 1976 Dodge Aspen automobile on West Virginia Route 14 toward the bridge over the Ohio River. The weather was clear and the visibility was good. The road was twenty feet wide, rough, and bumpy. Claimant traveled it once or twice a month, and had traveled it on the way to the mall on the day of the accident. At a point opposite the 84 Lumber Yard, she reduced her speed to 35 miles per hour when she observed an oncoming vehicle proceeding close to the center line. She testified:
“At no time did I see him come across the line. He was very close to the line. He was to the extreme left of his lane, but he was still in his lane.”
In her concern with the oncoming vehicle, the claimant struck a pothole in the berm of the road which extended slightly into the road surface. As the right front wheel struck the hole, the claimant lost control of the vehicle, and the right rear fender struck a utility pole. The vehicle went up an embankment and rolled over.
Her automobile, which she valued at $2,000.00, was totalled. After her $100.00 deductible, claimant was paid $1,835.00 by her insurance carrier, and received $200.00 for the salvage. She was hospitalized for four days for observation and treatment, incurring costs at Marietta Memorial Hospital of $895.37, and a bill from Dr. Plummer in the amount of $75.00. Ambulance charges were $45.00, and claimant was absent from work for twelve days.
Witnesses for the claimant testified that the hole had been there; for a period ranging from she months to a year, but no one had notified the respondent of the condition. The assistant superintendent of maintenance for Wood County, West Virginia, George Davis, testified that he had no knowledge of any complaints, and that if the respondent knew “of something we *135 assumed was a hazard, we get to it when seen or get a call.” Ray Casto, as claims investigator for the respondent, checked respondent’s records for October and November of 1979 and found no evidence of any complaints of road conditions at the point of the accident.
In order to make awards in claims such as this, the Court must be convinced that the respondent knew or should have known of the existence of the pothole in question, and that the respondent had sufficient time to repair it. The record is not sufficient in this regard. William T. Blackwell, et al. v. Department of Highways, 13 Ct.Cl. 121 (1980). This Court consistently has held that the State is not a guarantor of the safety of travelers on its highways and that its duty to travelers is a qualified one, namely, reasonable care and diligence in the maintenance of a highway under all circumstances. Parsons v. State Road Commission, 8 Ct.Cl. 35 (1969); Lowe v. Department of Highways, 8 Ct.Cl. 210 (1971). Accordingly, this claim is disallowed.
Claim disallowed.