WALLACE, JUDGE:
This claim in the amount of $50,000.00 was filed by the claimant against the respondent for damages resulting from a fall on West Virginia Route 2. By agreement of the parties, this claim was submitted to the Court for decision on the pleadings, stipulation of damages, and the deposition of the claimant.
On June 12, 1978, the claimant had been driving southerly on Warwood Avenue in Wheeling, West Virginia. Warwood Avenue is also West Virginia Route 2 maintained by the respondent. She parked her automobile beside the west curb in order to go across the street to Beckett’s Flower Shop. She purchased, three small plants and returned across the street to her vehicle where she intended to place the plants in her automobile on the passenger side. As the claimant proceeded around her automobile, she fell down and severely injured her foot. It was later determined that there was a drop-off in the road surface of 1 to IV2 inches about 18 inches from the curb. In explaining what happened, the claimant stated in her deposition:
“and when I came back — what I had purchased — I was going to go around the car and put them in. But when I got so far, something just, I just went down and it was this offset in the street.”
In July of 1976, resurfacing of this particular section of Warwood Avenue, or West Virginia Route 2, was completed by Tri-State Asphalt Co. pursuant to respondent’s specifications. The road at the point of the accident is 38 feet wide. To permit proper drainage, 18 inches of the existing pavement adjacent to the curb on each side of the street was not resurfaced. This *180 space of 18 inches was 1-1% inches lower than the resurfaced pavement.
The law of West Virginia is well established that the State does not guarantee nor ensure the safety of travelers on its highways, and its duty to travelers is a qualified one, namely, reasonable care and diligence in the maintenance of a highway under all the circumstances. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947); Lowe v. Department of Highways, 8 Ct.Cl. 210 (1971). The roadway surface contained no defects and the respondent did not breach its duty of reasonable care and diligence in the resurfacing of the highway. For this Court to find for the claimant, actionable negligence on the part of the respondent must be established by the evidence. White v. Department of Highways, 11 Ct.Cl. 138 (1976). The lower elevation existed on both sides of the street. The claimant traversed the curb portion on both sides, once while crossing to the store, and again on her return to her automobile. Had the claimant exercised reasonable care under the circumstances and maintained a proper lookout, she would have avoided her fall and resultant injury. Her failure to do so was the proximate cause of her injury. Welch v. Department of Highways, 12 Ct.Cl. 136 (1978); Hall v. Board of Regents, 12 Ct.Cl. 232 (1978); Winer v. Department of Highways, 12 Ct.Cl. 353 (1979). Accordingly, the Court must disallow this claim.
Claim disallowed.