PER CURIAM:
On August 30, 1982, at about 2:20 p.m., claimant Mary L. Staffileno, age 20, was operating a 1978 Chevette titled in the name of her father, claimant Dominic Staffileno, in a northerly direction on State Route 88, from West Liberty to Bethany, in Brooke County, on her way home to Wellsburg. She was then a commuting student at West Liberty State *89 College and held part-time employment as a clerk in a dress shop at Steubenville, Ohio. The weather was clear and dry. The highway was two-lane asphalt with many hills and curves. Descending a hill, and after rounding a sharp curve to her left, and approaching a right turn into a one-lane bridge, at a speed she estimated at 20 to 25 miles per hour, she encountered gravel on the highway as she was passing an oncoming vehicle. Her further account of the incident was that her car skidded on the gravel, went completely off the paved surface to the berm on her right, then back across the highway and nosed into a ditch and embankment on her left. She suffered no serious or permanent injury, suffering only headaches and pain in her right arm for several weeks.
The automobile, recently purchased for $2,500.00, was damaged beyond economical repair. Claimant Dominic Staffileno seeks an award of $3,000.00. Claimant Mary L. Staffileno seeks an award of $2,000.00. Claimants alleged that respondent Department of Highways was responsible for the presence of the gravel on the highway and failed to warn the claimants, thus causing the accident.
The evidence showed that a crew of respondent was cleaning the ditch on the right side of the highway on that day; that the work had been done, in the area where the gravel was, earlier that same day. The work is known as "pulling ditches". Accumulations of material in drainage ditches is pulled from the ditch, by a grader, to the berm or highway. It is then scooped up by an endloader and hauled away in trucks. The amount of residue, or debris, left on the highway surface, is ordinarily minimal, and may vary with the condition of the highway surface, skill of the endloader operator, etc.
From the evidence, it appears that the material on the highway was, in fact, placed there by respondent's ditch cleaning operation. The evidence was conflicting as to the amount of debris on the highway. Brooke County Deputy Sheriff Michael H. Allman, who made the accident investigation, recalled a shallow cut in the highway surface and described the debris as consisting of gravel and dirt half an inch to an inch deep over a distance of ten or twelve feet. John J. Eckersberg, another Deputy Sheriff who came to the accident scene, observed it with his fellow officer, and recalled, 'As I remember the gravel patch, I don't believe there was any more than - it wasn't any more than two and a half feet in diameter, roughly.' James Lawrence McCune, a Safety Inspector for respondent, coincidentally arrived at the scene shortly after the accident. He testified that 'There was a light — some light debris on the northbound lane where some work had been performed, but it was not uncommon for that type of operation. . . It was just a real light, sparse material lying on the road surface.”
Claimant Mary L. Staffileno testified that, before she encountered the debris, where her accident occurred, she had passed no flagman or warning sign. Generally, the function of flagmen, in such a ditch cleaning operation, is to help motorists safely pass the immediate work site where equipment in use is denying normal use of a lane of the highway. The flagmen are, therefore,' just ahead of, and just behind, the equipment. At the time of the accident, the ditch-cleaning operation had progressed northerly, across the bridge, and a substantial distance out of sight of the accident scene. Signs are used to warn of *90 a construction area being entered. Asked whether he had observed what signs were present, Safety Inspector McCune testified that to the best of his recollection there was a Men Working sign, with a Flagman Ahead sign following that approximately three to five hundred feet. However, no witness testified that any such sign was placed where it could have been seen or passed by claimant Mary L. Staffileno before encountering the debris on the highway. Respondent's flagman, William Gillies, south of the working equipment, testified that the signs, for northbound traffic, were five to six hundred feet behind him. Signs are moved, as the flagmen move, with the progress of the work.
The Court is not satisfied that, by a preponderance of the evidence, the respondent is guilty of negligence. The quantity of debris on the highway, from the ditch-cleaning operation, does not appear to have been excessive, nor such as to have imposed a duty upon the respondent to warn motorists of its presence. Geraldine May McCarthy, Admin. of the Estate of Robert Eugene McCarthy v. Dept. of Highways, 12 Ct.Cl. 139 (1978).
Claim disallowed.