WALLACE, JUDGE:
Claimant seeks compensation from the respondent for damages sustained to his boat trailer after striking a pothole.
The claimant lives south of Chelyan, West Virginia, on W.Va. Route 61/3. At approximately 2:30 p.m. on April 6, 1980, he drove out of his driveway and proceeded southerly on Route 61/3, pulling his boat on a trailer. There was a pothole extending from the berm into the highway approximately 12 inches and located 126 feet south of his driveway. The claimant testified that he drove into the hole at two miles per hour and that the trailer sustained damages in the amount of $328.00. The claimant further testified that he travelled the road daily and knew of the existence of the hole. He further testified that he had called the respondent many times, but quit calling when no action was taken to remedy the road condition.
The State is neither an insurer nor guarantor of the safety of persons travelling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For negligence of the respondent to be shown, proof of notice of the defect in the road is required. Davis Auto Parts v. Dept. of Highways, 12 Ct.Cl. 31 (1977). In this case the claimant testified that he had reported the road condition on numerous occasions and no action was taken. This was not denied by the respondent. However, the Court believes the claimant, with his prior knowledge of the road’s condition, was likewise negligent. He travelled the road daily and knew of the existence and location of the pothole which he drove into. Under the doctrine of comparative negligence, the Court is of the opinion that the claimant’s negligence was equal to or greater than the respondent’s and disallows the claim. See also Bayer v. Dept. of Highways, 13 Ct.Cl. 388 (1981).
Claim disallowed.