WALLACE, JUDGE:
Claimant seeks payment of the sum of $176.90 for damages sustained by her automobile as the result of striking a pothole.
The claimant, a resident of South Charleston, West Virginia, is the owner of a 1976 Chevrolet Nova. On the morning of December 20, 1980, she was traveling on Campbell’s Creek Road, a two-lane, State-maintained highway, when she struck a hole in her lane of traffic approximately six inches from the berm. Two tires were damaged. The claimant testified that she had traveled the road two weeks before the accident, and knew that there were several holes in the highway because coal trucks frequently traveled the area.
The State is neither an insurer nor guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To be found liable, the respondent must have had either actual or constructive notice of the particular hazard which caused the damage. Davis v. Dept. of Highways, 11 Ct.Cl. 150 (1976). In this case, statements by the claimant that holes in the highway existed two weeks before the accident tend to show that the respondent had at least constructive notice of the road’s condition. However, it is the opinion of the Court that the claimant, with her prior knowledge of the hazardous condition of the highway, was also negligent. She stated that “They have to frequently pave and repatch holes in that area” (Transcript, p. 10).
Following the doctrine of comparative negligence, this Court declares that the claimant’s negligence was equal to or greater than that of the respondent. Therefore, the claim must *9 be denied. Hull v. Dept. of Highways, 13 Ct.Cl. 408 (1981); Spatafore v. Dept. of Highways, 14 Ct.Cl. 18 (1981); Bayer v. Dept. of Highways, 13 Ct.Cl. 388 (1981).
Claim disallowed.