PER CURIAM:
This claim was originally filed in the name of Jerry M. Edwards, but when the testimony disclosed that the damaged vehicle, a 1982 98 Oldsmobile, was titled in the joint names of the claimant and her husband, Edgar E. Ewards, the Court on its own motion joined Edgar E. Edwards as an additional claimant.
On May 28, 1982, at 2:30 p.m., Mrs. Edwards struck a pothole near milepost 48 in the westbound lane of 1-64 near Cross Lanes, West Virginia. Mrs. Edwards testified that she was aware of holes in the road because she travels that route twice a day. She added that she could avoid the holes by driving near the edge of the road, but a truck, belonging to respondent, was on the berm and she could not move over far enough to avoid the hole. Damage to the car amounted to $96.92, Mrs. Edwards made no complaints to respondent prior to the accident.
The State neither insures nor guarantees the safety of motorists traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be held liable for damages caused by the pothole, proof of notice of the defect is required. Davis Auto Parts v. Dept. of Highways, 12 Ct.Cl. 31 (1977). In this case, the claimant testified that respondent’s employees were working near the site of her accident. However, the Court believes that the claimant, with her prior knowledge of the road’s condition, was likewise negligent. Under the doctrine of comparative negligence, the Court is of the opinion that the claimant’s negligence was equal to or greater than the respondent’s and disallows the claim. Hull v. Dept. of Highways, 13 Ct.Cl. 408 (1981).
Claim disallowed.