PER CURIAM:
This claim was originally filed in the name of Kristine M. Elam, but *149 when the testimony indicated that the vehicle, a 1982 Toyota Tercel, was titled in the names of Carl L. Elam and Kristine M. Elam, the Court, on its own motion, amended the style to include Carl L. Elam as an additional claimant.
On February 20, 1984, claimant, Kristine M. Elam, was driving west on Route 60 from Montgomery, West Virginia, when the vehicle struck a pothole. The hole was located near the right edge of the pavement. Claimants seek $42.19 for replacement of a damaged tire. Claimant testified that she was aware of the pothole but had not reported it to respondent. She stated that she had previously maneuvered around the hole, but was unable to this time.
The State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be liable for the damages caused by the pothole, proof of actual or constructive notice of the defect is required. Although photographs of the pothole demonstrate that the hole must have been in existence for some time, so that respondent should have had constructive notice of it, the Court finds that claimant, with her prior knowledge of the hole, was likewise negligent. Under the doctrine of comparative negligence, the Court is of the opinion that this negligence is equal to or greater than respondent’s, and disallows the claim. Hall vs. Dept. of Highways, 13 Ct.Cl. 408 (1981).
Claim disallowed.