PETROPLUS, JUDGE:
Claimant presented her claim by Petition alleging that on May 5, 1968, at about 4:00 o’clock P.M., while driving her automobile in a southerly direction along State Route 39, near the community of Brownsville, Falls District, Fayette County, West Virginia, at which time and place it was raining, she lost control of her vehicle causing her to veer across both lanes of the highway and strike two other automobiles, sustaining damages to her automobile as well as personal injuries and medical expenses. Statements aggregating $424.25 were submitted as Exhibits for medical expenses, and ‘an un-sworn statement of Clarence Kennison, Mechanic for Platcher Motor Company, was filed stating the motor vehicle was a total loss, and had a value of $1875.00 immediately before the accident, and a value of $675.00 immediately after the accident. As a result of the accident Claimant stated she 'had been injured about her abdomen and other parts of her body, suffering extreme pain, suffering, mental anguish 'and permanent injuries.
The negligence alleged was the dangerous condition of an asphalt highway, existing for a long period of time and known to the State Road Commission, and particularly that the western edge of the highway had become eroded away so as to create a hole of approximately 8 inches deep, one inch to 1% feet in width, and approximately 6 feet in length, as shown by photographs attached to the Petition. No photographs have been attached to the Petition.
*36 The Answer of the Respondent indicates that it is without knowledge or information sufficient to form a belief as to the truth of the allegations, and, therefore, the allegations are denied. It does not appear that the circumstances of the accident were investigated by anyone on behalf of the Respondent. The case was submitted upon a Stipulation of Facts that follows the general language of the Petition, describes the road defect in the language of the Petition, and states that the
“defective condition in the highway was known to the State Road Commissioner but was permitted to remain defective for a long period of time. Petitioner, without negligence on her part, drove her automobile in and to said hole, thereby causing her to lose control of her vehicle and as a result her vehicle veered abruptly across the highway in an easterly direction and struck two other automobiles, damaging plaintiff’s automobile to the extent of $1200.00, and as a result of said accident petitioner sustained a broken nose and injuries to her chest and other parts of her body . . .”
The West Virginia Court of Claims is a fact finding body created by the Legislature and is an instrumentality of the Legislature to determine which claims the State of West Virginia, as a Sovereign Commonwealth, should pay out of public funds because of equity and good conscience. Damages-may be awarded which result from wrongful conduct of the State or any of its agencies, which would be judicially recognized as wrongful conduct.
Negligence of a State Agency or any of its employees must be fully shown to justify an award, and it must be further shown that the Claimant did not know the existence of a danger, or as a reasonable person under the conditions then existing the Claimant could not have discovered the danger. This accident occurred in the daytime. If she voluntarily 'and unnecessarily exposed herself to a risk, she is barred from recovery by the doctrine of assumption of risk. If she was driving in an imprudent manner considering the road conditions, visibility, weather, traffic, road surface, and other surrounding circumstances, she is barred by contributory negligence. A mere recital of a road defect is not sufficient to sustain a recovery in her favor. We must also know whether *37 she was operating her car in a careful and prudent manner under all the circumstances, whether the road defect would have been visible to a person exercising ordinary care for his own safety, whether it was a latent or hidden defect which could not reasonably have been anticipated. A material fact bearing on contributory negligence would be her familiarity with the condition of the road and whether she had traversed it before. Other silent facts in this record are the length of time the defect existed, whether the Road Commissioner had received proper notice of it, and whether he had a reasonable opportunity to remedy the condition, considering the limitations of his budget and the needs of our roads for maintenance.
This Court has many times held that the State is not a guarantor of the safety of its travelers on its roads and bridges. The State is not an insurer and its duty to travelers is a qualified one, namely, reasonable care and diligence in the maintenance of a highway under all the circumstances. The case of Adkins v. Sims, 130 W. Va. 645, 46 S.E. (2d) 81, decided in 1947, holds that the user of the highway travels at his own risk, and that the State does not and cannot assure him a safe journey. The maintenance of highways is a governmental function and funds available for road improvements are necessarily limited.
On the sparse record before it, a one-page Stipulation of Facts consisting mainly of conclusions rather than evidentiary facts, this Court cannot make an award merely on a finding of negligent and wrongful conduct on the part of the Respondent. We must also find that the Claimant was free from fault, and that her conduct did not contribute proximately to the accident.
To allow the claim would require this Court to make inferences and implied findings not warranted by the Stipulation. The missing photograph showing the condition of the highway and the location of the defect would have been helpful but not necessarily determinative of the Court’s ruling. In the present state of the record before us, we are of opinion to deny the claim.
Claim dismissed. No award.