JONES, JUDGE:
Sharon L. Dickinson has filed a claim for damages to her 1969 Chevrolet Impala automobile sustained at about 12:00 p.m. on March 14,1975, when she drove her vehicle into a large rock on the highway about IV2 to 2 miles from her home in Elkins. The claimant testified that as she drove along the Tygart River westerly on Route 33, it was foggy and her vision was somewhat limited. In claimant’s own words, “Well, I could see something in the road but I wasn’t sure. I can’t say how far. I can’t really say how far back I was but I could see something and I waited just a few minutes to make sure that there was something there, pulled out, saw the traffic coming around the curve and then I looked back and saw the ambulance and had to pull back in my lane.” She further testified that there were two cars coming out of the curve towards her; that the ambulance following her had its red lights flashing; and that the objects in her lane of traffic were a large rock, approximately 12 inches thick, and other smaller rocks. It appears that the claimant was faced with an emergency judgment and she chose to pull back in her lane and strike the large rock, thereby avoiding possible injuries to the approaching cars and the ambulance behind her. The claimant’s automobile was severely damaged. Two estimates of damage were in amounts of $416.02 and $445.72.
The claimant complains of the absence of a “Falling Rocks” sign, and the presence in the highway of the large rock which her automobile struck. However, there is nothing in the record to show that the failure to erect and maintain such sign had any causal connection with the accident. The road was straight and the claimant says she was travelling at a moderate rate of speed. There is no evidence as to how long the rock had laid on the highway, or whether the respondent had any notice or reason to know that it *73 was there. Neither is there sufficient evidence to show that a dangerous condition had existed at the place of the accident prior to its occurrence.
While the Court believes the claimant was not without fault in the exercise of her duty to keep her vehicle more completely under control after she saw “something” in the highway a substantial distance in front of her, we are of the opinion that this case falls within the purview of many prior holdings of this Court which are exemplified by a quotation from Parsons v. State Road Commission, 8 Ct. Cl. 35, as follows:
“This Court has many times held that the State is not a guarantor of the safety of its travelers on its roads and bridges. The State is not an insurer and its duty to travelers is a qualified one, namely, reasonable care and diligence in the maintenance of a highway under all the circumstances. The case of Adkins v. Sims, 130 W.Va. 645, 46 S.E. (2d) 81, decided in 1947, holds that the user of the highway travels at his own risk, and that the State does not and cannot assure him a safe journey.”
In consideration of the foregoing, this claim is disallowed.
Judge Ducker participated in the decision of this case, but his resignation from the Court was effective before this opinion was prepared and approved.
Claim disallowed.