WALLACE, JUDGE:
The claimant filed this claim against the respondent for medical and dental expenses incurred as the result of an accident on August 16, 1975. Damages to her automobile were recovered from insurance.
*328 About 9:00 p.m. on the evening of the accident, the claimant left her home in Montrose, West Virginia, in Tucker County, to go to Saint George to visit friends. She was driving her 1972 Ford Pinto automobile. It had rained heavily for about three hours. On her return from Saint George, she was proceeding on Route 21 approximately two and one-half miles from her home. As she approached the intersection of Local Service Route 17, she started to make a left-hand turn and encountered water across the road. Applying the brakes, she was unable to stop, and. struck a portion of the road where a culvert had washed out. The impact caused her head to hit the windshield and steering wheel. She suffered injuries to her teeth and knee. A companion with her received injuries to his teeth and knees. After the accident, she and her friend opened the door of the automobile, climbed over the hood, and walked to a neighbor’s house. They were taken to Tucker County Hospital in Parsons, West Virginia. Later, her mother took them to the 'University Hospital at West Virginia University. The claimant testified that she was familiar with the road and that the culvert was not blocked two days before the accident.
Jesse Roy, an employee of the respondent, was County Supervisor of Tucker County at the time of the accident. He testified that on the night of the accident, it was raining very hard and there were flooding conditions. The Chief of Police of Parsons notified him of the accident and told him that signs were needed. He proceeded to the accident scene, put out signs, and closed Route 21. The only way to cross the washed out area of the road was to use the car as a bridge. The water was swift. Roy further testified that no complaints had been received indicating that that particular culvert was out of shape, filled with debris, or would not carry water. He stated that heavy rains can wash timber cuttings and other debris down from the hills and block the culverts.
From the evidence, there is no showing that the respondent knew or should have known that there was a clogged culvert or other defect causing the flooding of the highway, nor was there a showing that the respondent was negligent in permitting the partial flooding of the highway. See Varner v. Department of Highways, 9 Ct. Cl. 219 (1973). The State is not a *329 guarantor of the safety of travelers on the highways, and the user of the highways travels at his own risk. See Parsons v. State Road Commission, 8 Ct. Cl. 35 (1969); Adkins v. Sims, 130 W.Va. 645, 46 S.E. 2d 81 (1947).
For the reasons herein stated, the Court disallows claimant’s claim.
Claim disallowed.