WALLACE, JUDGE:
On April 11,1978, claimant, Daniel C. Farley, Jr., was driving his 1976 Buick Electra automobile north on West Virginia Route 10 over Herndon Mountain, proceeding to Mullens, Wyoming County, West Virginia. The road over the mountain was a crooked, mountainous road, full of sharp turns and hairpin curves. It was a wet, misty day. As the claimant was proceeding around a sharp curve on the mountain at approximately 25 mph, he came upon a slide extending onto the right-hand side of the highway. In order to negotiate the curve, he crossed the center line of the road, the left front of his automobile striking an oncoming truck. Mr. Farley sustained personal injuries and the automobile was totally destroyed.
Bill Wilcox, the County Supervisor for the respondent in Wyoming County, testified that he knew of the existence of the slide about a month before it was removed from the road. He stated that respondent’s employees were busy cleaning up after flooding in another section of the county and that equipment to remove the slide had to come from Raleigh County. He also testified that Route 10 was “probably the most traveled road in the county.”
*64 He stated, “We thought there was plenty of room to suffice for the traffic to go around without any great danger. Of course, on Herndon Mountain, there’s always danger because it is a hazardous road.”
Trooper W. H. Berry of the Department of Public Safety, who investigated the accident, testified that the curve was very sharp and that the claimant had limited visibility, and the only way to negotiate the curve was to change lanes. The measurements made by the trooper, as shown on his diagram of the accident (Claimant’s Exhibit No. 6), indicated the road was 20 feet wide and that the slide extended onto the highway for 3Vz feet.
The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). However, the State can be found liable if the maintenance of its roads falls short of a standard of “reasonable care and diligence...under all circumstances.” Parsons v. State Road Comm’n., 8 Ct. Cl. 35 (1969). See Atkinson v. Dept. of Highways, 13 Ct. Cl. 18 (1979). The uncontroverted testimony in this claim established that the slide had been on the highway for at least a month before the accident. Since Route 10 is a narrow, heavily traveled road, it was foreseeable that vehicles using the road might have an accident. The respondent’s failure to remove the slide constituted negligence and was the proximate cause of the accident.
The claimant injured his left wrist and shoulder and received a cut on his head, still requiring medication for pain. It was stipulated that his medical expenses were $129.25. His automobile was destroyed, for which he was compensated by his insurance carrier, except for a $250.00 deductible. The replacement of his eyeglasses cost $106.00. Accordingly, the Court makes an award to the claimant in the amount of $1,500.00.
Award of $1,500.00.