GARDEN, JUDGE:
After dark on February 22, 1979, the claimant was operating his 1959 Chevrolet automobile on W.Va. Route 41 within the city limits of Summersville. While making a left turn, his right wheels hit a large pothole, cracking the car’s right front fender. The claimant seeks to recover damages in the sum of $311.47.
The claimant testified that the general condition of Route 41 at the time was poor, that there were many other holes in the road, and that many, of the holes, including the one he hit, had been cleaned out by employees of the Department of Highways prior to patching. He saw no warning signs and was traveling within the speed limit.
A witness for the respondent, Gilbert L. Forren, employed by the Department of Highways as a maintenance technician, confirmed that the hole hit by the claimant had been squared up the day before and that stone had been put in the hole because of its depth. The exact measurements of the hole were four feet by four feet, with a depth of three inches. He testified that there were “Rough Road” signs up in Summersville, and that the claimant passed a *251 “Rough Road” sign approximately one quarter mile from the hole in question. He also testified that the hole had not been patched with asphalt material because the plant supplying it would not have the material available until March 1, 1979. Finally, he admitted that it is easy for the stone put in deep holes to be kicked out by traffic, thus rendering it useless.
The State is neither the insurer nor the guarantor of motorists traveling on its highways. Adkins v. Sims, 136 W.Va. 645, 46 S.E.2d 81 (1947). It is only responsible for maintaining a standard of reasonable care and diligence, under all circumstances. Parsons v. State Road Commission, 8 Ct.Cl. 35 (1969). Applying those legal propositions to the facts of this case, it appears that this claim must be denied.
Claim disallowed.