RULEY, JUDGE:
On March 28, 1980, between 7:30 and 8:00 p.m., the claimant was driving his 1974 Chevrolet automobile west on W.Va. Route 60 in Fayette County when he ran into a small tree that was across the highway, damaging' the front grille and windshield. The claimant seeks to recover damages in the sum of $267.37.
According to the claimant’s undisputed testimony, the tree extended across three-quarters of the westbound traffic lane and was embedded in a pile of mud that held it several feet off the ground. He saw the tree when he was about fifteen feet from it, and could not avoid it because of oncoming traffic. When he saw the tree, it was almost dark, he had his headlights on low beam, and he was driving at approximately 50 mph. There had been a long, hard rain before this accident, and apparently the tree had been uprooted in a mudslide which carried it downhill to where it rested across the road. The claimant testified that he had lived in the area for nineteen years and that there had been approximately seven or eight mudslides down that particular hill. There were no warning signs of any type in the general area where the accident occurred.
The State neither insures nor guarantees the safety of motorists on its highways, but it is reponsible for maintaining a standard of reasonable care and diligence under all the circumstances. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947), Parsons v. State Road Commission, 8 Ct. Cl. 35 (1969). In the instant case, the claimant failed to prove that the respondent had not conformed to this standard of reasonable care. Although there have been mudslides on the hill in question before, the Court finds that this alone is not enough to show negligence on the part of the respondent. Accordingly, this claim must be denied.
Claim disallowed.