WALLACE, JUDGE:
The claimant, Sterling L. Pullen, Jr., filed this claim against the respondent for damages to his 1977 Harley-Davidson Motorcycle and for personal injuries resulting from an accident which occurred on June 14, 1979, at approximately 7:00 p.m., on Secondary Route 5 in Jackson County, West Virginia. At the place of the accident, Secondary Route 5 is a two-lane blacktop road. The claimant was riding his motorcycle in a southerly direction at approximately 50-55 miles per hour. A truck was approaching in the opposite lane. The claimant came upon a hole in the road surface approximately twenty-one feet long, six feet wide, and six inches deep, and the claimant was unable to avoid going through the hole because of the approaching truck in the opposite lane. The motorcycle struck the hole causing the claimant to lose control. The front wheel of the motorcycle was damaged and the tire ruptured. Claimant fell from the motorcycle into the ditch on the right side of the road, and thereafter the motorcycle ran into the ditch on the left side of the road. The claimant sustained cuts and abrasions for which he was later treated at the hospital and released. He missed a total of nine days’ work because of these injuries, resulting in a wage loss totaling $437.06. An estimate of damages from Dennis Harley-Davidson, introduced in evidence, amounted to $1,711.75.
On the day of the accident, Terry Allen Clendenin was operating his motorcycle behind and to the left of the claimant. He testified that he noticed areas where the road had been patched previously and debris had been left on the edge of the road. He also confirmed the testimony of the claimant that the claimant had no choice under the circumstances but to attempt to go through the hole.
James William Casto, Jr., an area resident, testified that the respondent’s employees had been patching certain areas of the *279 road near the section where claimant had his accident. Prior to the accident, Mr. Casto had telephoned James Brotherton, the supervisor at the Ripley office of the Department of Highways, to express concern over the fact that certain of the holes had been dug out in preparation for filling, but were left open with no warning devices placed to make the traveling public aware of the road hazard.
Willard Redman, the foreman for the Department of Highways in this particular patching operation, testified that to his knowledge none of the holes prepared for patching were left open on the roadway. The records to which he referred indicated that the patching crew performed work on the roadway between June 11 and 14 and on June 18, 1979. Mr. Redman testified that the procedure followed by the crew was to cut out the holes and then fill them with a base of gravel followed by hot mix. He stated that no holes were left once they were cut out.
Photographs of the scene where the accident occurred revealed a large unpatched hole in the road. The edges of the hole appeared to be cut out.
From the record in this case, it appears to the Court that a hazardous condition existed on the roadway of which the respondent was aware, and the respondent, having failed to place any warning devices for the traveling public, was negligent. The Court finds that the negligence of the respondent was the proximate cause of the claimant’s injuries and the damages to his motorcycle, and, accordingly, makes an award to the claimant in the amount of $2,148.81.
Award of $2,148.81.