WALLACE, JUDGE:
Claimant is the owner of a residence at 5241 Big Tyler Road in Kanawha County, West Virginia. The house is on a corner lot measuring 100’ x 150’. It fronts on Big Tyler Road and is flanked by Ridgecross Drive, both of which are maintained by the Department of Highways.
On April 14,1980, following a heavy rainfall, water backed up in a storm sewer located on Ridgecross Drive approximately three or four feet from claimant’s house, resulting in the flooding of his property. An estimate of repair from A-Action Plumbing Co. was introduced into evidence, reflecting damage to the property in the amount of $939.56 for insulation replacement, furnace repair, and water removal.
Testifying on behalf of the respondent was Kenneth W. Rumbaugh, a district maintenance assistant. Mr. Rumbaugh testified that Ridgecross Drive was incorporated into the State highway system in January of 1980. He further stated that the respondent had not done any drainage construction on that road, nor was the respondent aware of any drainage problems when the road was added to the State system.
The duty imposed on the Department of Highways is one of “reasonable care and diligence in the maintenance of a highway under all the circumstances.” Parsons v. State Road Commission, 8 Ct.Cl. 35 (1969).
In order for the State to be found liable in cases such as this, it must be established that the respondent had notice, either actual or constructive, of the condition of the road in question. Davis v. Dept. of Highways, 11 Ct.Cl. 150 (1976). There was complete failure to establish such notice in the instant case. No evidence was presented indicating that the respondent had been contacted *329 concerning the drain or sewer blockage prior to April 14,1980, and the fact that Ridgecross Drive had so recently become a part of the State highway system erases any allegation that the respondent had constructive notice of the problem. Therefore, the claim must be denied.
Claim disallowed.