WALLACE, JUDGE:
Claimants filed this claim against the respondent in the amount of $4,261.85 for damage to their automobile and injuries sustained by claimant Lillian West Collins in an accident which occurred at approximately 8:00 a.m. on December 4, 1979, on West Virginia Route 97 south of Prenter, West Virginia.
On the morning of the accident, the claimant, Lillian West Collins, had taken her son to school in their 1975 Cadillac automobile and was proceeding to the post office. She was driving at about 25-30 miles per hour when, at a point in the highway known locally as Beverly Curve, the automobile skidded on ice on the highway and struck an embankment. Mrs. Collins suffered broken ribs and a fractured arm. The automobile was totalled. She testified that the respondent had done quite a bit of work on the road in September and October, and that the ditch line had been filled with large gravel, causing water to flow across the highway. Mrs. Collins further testified that she travelled the road two to three times a week, that she had not encountered ice before, and that she had no reason to complain to the respondent about the highway’s condition.
Witnesses for the claimants stated that numerous accidents had occurred on the highway before and after the Collins accident. There was no testimony that there were ice formations on the highway prior to the accident. The respondent’s witness, Bill Wilcox, testified that the berm of the road had been repaired in September and October; that large-size rock was placed on the berm and the ditch line was pulled; that coal *132 trucks usually run onto the berm and damage the ditch line; that, because of heavy traffic on the road, maintenance is a continuous problem, .and that, at the time of the accident, there was no reason to expect ice or snow on the highway.
To establish negligence on the part of the respondent, there must be proof that the respondent either knew, or, in the exercise of ordinary care, should have known about the ice and had sufficient time to remedy the problem. Lavender v. Dept. of Highways, 12 Ct.Cl. 54 (1977). The law of West Virginia is well established that the State is not a guarantor of the safety of travelers on its roads. Parsons v. State Road Commission, 8 Ct.Cl. 35 (1969). The case of Adkins v. Sims, 130 W.Va. 645, 46 S.E.2nd 81 (1947), held in part:
“. . .every user of the highways travels thereon at his own risk. The State does not, and cannot, assure him a safe journey.”
From the record in this case, the Court is of the opinion that the claimants have not proved such negligence on the part of the respondent as to establish liability. Accordingly, the Court is of the opinion to, and does, disallow this claim.
Claim disallowed.