PER CURIAM:
On September 10, 1981, Patricia Ann Hall was driving her 1975 Mercury Bobcat automobile on W.Va. Route 49 between Matewan and Delorme, West Virginia. The claimant was proceeding toward Matewan at approximately 1:00 to 1:30 p.m. It was a clear day and the road surface was dry. As the claimant'"topped a small knoll, she came upon a rock fall in the road which covered the entire lane of claimant’s lane of travel and some of the opposite lane. The claimant was then forced to “cut over to miss it and almost went over the guardrail on the other side. . . .” The claimant’s vehicle sustained damages in the amount of $1,846.78.
The testimony in this claim established that the rock slide had occurred sometime the previous day ar.d that the Department of Highways had been notified of the slide, but no signs were placed to warn the traveling public of the hazard, nor was the slide removed in a timely manner. As the slide covered the major part of the road, it was forseeable that vehicles using the road might have an accident. The respondent’s failure to remove the slide or erect warning devices constituted negli *170 gence and was the proximate cause of the accident. Farley v. Dept. of Highways, 13 Ct.Cl. 63 (1979).
The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). However, the State can be found liable if the maintenance of its roads falls short of a standard of “reasonable care and diligence. . .under all the circumstances.” Parsons v. State Road Comm’n., 8 Ct.Cl. 35 (1969). Accordingly, the Court makes an award to the claimant in the amount of $1,846.78.
The record indicated that the title to the vehicle was in the names of Patricia Ann Hall and Lacy Hall. Accordingly, the Court amended the style of the claim to include both parties as claimants.
Award of $1,846.78.