WALLACE, JUDGE:
Claimant seeks to recover $25,000.00 from the respondent for personal injuries and damages to his 1977 Ford F-100 pickup truck sustained in a single-vehicle accident on November 29, 1977.
At the time of the accident, the claimant resided in Staats Mill, West Virginia, in Jackson County. To go to and from his residence he travelled West Virginia Route 34/5 also known as Southall Ridge Road which is a secondary blacktop road maintained by the respondent. The claimant had moved to Staats Mill sometime in 1976. In his testimony he stated that there was a small slip in the road near his house at the time and at the time of the accident two automobiles could pass “if one gets off on the berm”.
The claimant travelled the road daily. On the day of the accident he drove his wife to work at the K-Mart in Charleston and then returned home. He returned to Charleston in the evening to pick her up, returning home about 6 p.m. It had rained the day before and on the day of the accident. Between 6:45 and 7:45 p.m. he left his house to drive to a neighbor’s home. It was dark, rainy, and foggy. He stated, “you couldn’t see ten feet ahead of you.” The claimant testified, “. . .1 just started out from the house maybe a couple or three hundred yards and the road had dropped more when I hit that chuck hole or slip or whatever you call it.” “. . .that one particular piece of road there had dropped in after we had come back from Charleston.” The claimant further stated that his vehicle’s right wheel went over the hill; that he lost control and jumped out of his truck, the door struck him and knocked him under the back wheel crushing his left foot. He crawled up to the road surface where he was picked up by a neighbor and subsequently taken to the hospital.
*221 The parties stipulated that the truck sustained damage of $77.20; that medical expenses for doctors and hospital were $4,396.95; and that the claimant had a 30% permanent partial disability resulting from his injuries.
The claimant and John Cobb, a witness in his behalf, both testified that they had complained to respondent’s Ripley and Charleston offices prior to the accident and that there were no signs posted to warn of the slip condition, a fact which is immaterial as far as this claimant is concerned because he knew of the road condition. However, the respondent could not have been aware of the slip which the claimant testified occurred from the time he returned from Charleston and the time of the accident.
Although the record establishes that the respondent had notice of the condition of the road prior to the day of the accident, it also establishes that the claimant was very familiar with it and its condition. Under the doctrine of comparative negligence, the negligence of the claimant in traveling a road, at night in rain and fog, known to him to be in disrepair was equal to or greater than the negligence of the respondent in its failure to repair the road. Bradley v. Appalachian Power Co., 256 S.E.2d 879 (1979). A traveller on the highway travels at his own risk. The State is not a guarantor of his safety. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947); Parsons v. State Road Commission, 8 Ct.Cl. 35 (1969). The claim of the claimant is disallowed.
Claim disallowed.