GARDEN, JUDGE:
The accident, which is the subject of this claim, occurred at approximately 8:30 p.m. on June 22, 1975, on W.Va. Route 35 near Pliny, West Virginia. The claimants Doris Randolph and Yvonette Randolph were proceeding in a southerly direction on this road en route from Pomeroy, Ohio, to their home in Cross Lanes, West Virginia. W.Va. Route 35 at the accident scene is a two-lane roadway, one lane for northbound travel and one lane for southbound travel. The claimant Doris Randolph was operating a 1974 Chevrolet Corvette owned by her husband, Frank Randolph. According to claimant Doris Randolph, she was attempting to pass a vehicle in front of her by entering the northbound lane. As she began to pass the vehicle, her vehicle struck a depressed area of the roadway causing her to lose control of her vehicle, whereupon the vehicle turned sideways and slid into a tree adjacent to the berm of the southbound lane. Upon impact with the tree, the vehicle exploded.
As a result of the accident, the claimant Doris Randolph sustained fractured ribs, a fractured right ankle, a broken left wrist, and internal injuries which required surgery. In addition to personal injuries, the claimant also sustained a loss of wages of approximately 13 months. Claimant Yvonette Ran *231 dolph sustained a fractured clavicle. The vehicle was rendered a total loss.
The testimony established that there was a depressed area in the northbound lane of Route 35. There were supposed to be signs posted which read “Dip Ahead”, but the record was unclear as to whether these signs were in place on the date of this accident. Two of the eyewitnesses to this accident testified that the vehicle being driven by the claimant appeared to be proceeding at a high rate of speed when it was in the northbound lane.
The claimant had, earlier that same day, driven over this same stretch of Route 35. She testified that she had had no difficulty proceeding over Route 35 and, in fact, did not remember having any difficulty in negotiating this part of the highway earlier in the day.
This Court consistently has held that the State is not a guarantor of the safety of travelers on its highways and that its duty to travelers is one of reasonable care and diligence in the maintenance of a highway under all the circumstances. Parsons v. Dept. of Highways, 8 Ct.Cl. 35 (1969). The oft-cited case of Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81, holds that the user of the highways travels at his own risk and that the State does not and cannot assure him a safe journey.
While we are most sympathetic to the claimants who suffered painful injuries, we do not feel that the record in this claim is sufficient to make this claim an exception to the general rule as hereinabove set forth, and we, therefore, disallow this claim.
Claim disallowed.