PER CURIAM:
On or about September 10, 1980, claimant was riding his 1977 Honda motorcycle on West Virginia Route 16 between Dixie and Smithers, West Virginia. Claimant alleges that respondent’s negligent maintenance of the road caused claimant to lose control of his motorcycle. He claims $3,072.67 in damages to the motorcycle, medical bills, lost wages and consequential damages of $802.50.
Claimant testified that he crested a hill, then entered an S-shaped turn. He was going into a left-hand turn when he encountered gravel on the road. Claimant stated that he reported his accident to the supervisor of respondent’s road crew which was working in the area. He was told that the road crew lacked the proper machine to remove the gravel from the road. The gravel had been used to build up the berm alongside the road. Claimant stated that there were no signs warning of the condition.
From the record in this case, the Court is of the opinion that a hazardous condition existed on the roadway and that the failure of the respondent to place any devices warning the travelling public was negligence. The Court has previously held that a failure to warn the public of a hazardous condition constitutes negligence. See Pullen v. Dept. of Highways, 13 Ct.Cl. 278 (1980); Porterfield v. Dept. of Highways, 13 Ct.Cl. 297 (1980). The Court finds that such negligence was the proximate cause of the claimant’s injuries and damages and, accordingly, makes an award to the claimant in the amount *320 of $3,557.14. This award is based on $3,113.14 in repair bills, $103.00 in medical bills, and personal property damage and lost wages in the amount of $341.00.
Award of $3,557.14.