RULEY, JUDGE:
At 6:30 p.m., Sunday, July 19, 1981, claimant Carma Stover was driving a 1975 Chevrolet north on Route 62 near Buffalo in Putnam County at a speed of approximately 30 m.p.h. *421 when she encountered mud in the northbound lane, causing her vehicle to slide off the road and into a ditch. Route 62 is a paved, two-lane roadway, straight and level at the accident site. Claimants contend that the mud was left on the road by Department of Highway personnel, who had been ditching along Route 62 during the week of July 13-17, 1981. The claim is for damage to the vehicle in the amount of $677.35.
Mrs. Stover testified that she had driven over the accident site every day during the week preceding the accident, and that on Saturday, July 18, she had noticed dirt on the road surface. As she approached the accident site on Sunday, July 19, she observed an area of mud approximately one inch thick covering her entire lane before she actually drove into it, but did not reduce her speed between the time that she noticed the mud and the time that she drove into it.
John Johnson, Putnam County Road Supervisor for the Department of Highways, testified that DOH personnel had been ditching along Route 62 during the week of July 13-17, and that the road surface had been scraped and cleaned when the ditching was completed. He observed a small amount of dirt on the road surface when work stopped on Friday, July 17. On Monday, July 20, he visited the accident site and found no mud or debris of any type on the road surface.
Donald Atkins, Road Foreman for the Department of Highways, testified that he observed personnel of the respondent cleaning the road surface with a grader at the completion of the job on Friday, July 17.
The duty of the State to a traveller is a qualified one, namely, that of reasonable care and diligence in the maintenance of a highway under all circumstances. Parsons v. State Road Commission, 8 Ct.Cl. 35 (1969). Testimony given by Mr. Johnson and Mr. Atkins established that the Department of Highways carried out this responsibility. The State neither insures nor guarantees the safety of motorists travelling its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be found liable for damages caused by a road defect of this type, the claimant must prove that the respondent had actual or constructive knowledge of the defect plus a *422 reasonable amount of time to take corrective action. Since the claimant presented no evidence to that effect and did not meet the burden of proof, the claim must be disallowed.
Claim disallowed.