RULEY, JUDGE:
Claimant seeks recovery of damages for the alleged wrongful death of her husband, Gary Wayne Akers, who died as the result of a single-car accident at Bias Branch on W.Va. Route 17 near the town of Jeffrey in Boone County, at approximately 8:30 p.m., on February 24, 1977.
Akers was driving his 1974 Ford Mustang north on Route 17 on his way to a service station to refuel the vehicle. At a curve in the road, approximately one mile north of Jeffrey, he encountered a mudslide and the car spun, went over an embankment and into the Little Coal River below. Akers was thrown from the vehicle, suffering fractures of his pelvis and left humerus. He was taken to Boone Memorial Hospital, then transferred to Charleston Area Medical Center for surgery, where he remained for approximately three weeks. He then was taken home, where he died on March 22, 1977, from pulmonary emboli, i.e., blood clots within the lungs, a complication of the injuries sustained in the accident. The autopsy report reflects that his death was attributable to those injuries.
Thomas Bias, Deputy Sheriff of Boone County, investigated the accident. He testified that a film of mud covered much of the road, but was greater in the northbound than southbound *492 lane. He estimated that Akers’ automobile slid 30-50 feet before going into the river.
Herbert Cook, a grader operator employed by the respondent, testified that he had been sent with a work crew to clear mud from Route 17 on the day before the accident. The slide had covered the road when he arrived with the grader, and he worked from 9:00 p.m. on the 23rd until 3:00 p.m. the next afternoon. Mud was still sliding onto the road and, despite Mr. Cook’s repeated requests, no signs or smudge pots were placed at the scene. Mr. Cook testified that he was unable to clear all of the mud from the road because the blade on the grader was worn. He stated that he had requested a new blade, but his superiors denied the request.
Barney Stennett, a soils engineer, evaluated the landslide in April 1980. He estimated that the slide had been in existence for 15-20 years and had a “very low” priority correction rating.
William E. Cobb, a Ph.D. in economics, prepared three estimates of economic loss caused by the death of Akers. The first estimate of $367,201.00 is the most liberal figure, based on widely recognized academic assumptions. The second figure of $142,730.00 is the “absolute minimum in terms of the economic damages resulting from the death of Mr. Akers.” The third figure, $248,540.00, is Dr. Cobb’s professional estimate of economic damage. All figures were reduced to present-day value.
The State is not an insurer of the safety of travelers on its roads and its duty to travelers is a qualified one of reasonable care and diligence in the maintenance of a highway under all circumstances. Parsons v. State Road Commission, 8 Ct. Cl. 35 (1969). However, the State may be found liable “if the maintenance of its roads falls short of a standard of ‘reasonable care and diligence . . . under all circumstances.’ ” Farley v. Dept. of Highways, 13 Ct. Cl. 63 (1979). Having knowledge of the dangerous condition of the highway, it clearly was the duty of the respondent, under that standard, to remove the danger rather than leave it or, at least, to erect warning signs. Pullen v. Dept. of Highways, 13 Ct. Cl. 278 (1980). Its failure to do so constituted negligence which proximately caused the accident *493 and the resulting death of the decedent. In view of the decedent’s previous knowledge of at least some hazard at the place of the accident, the court is disposed to find that his own negligence contributed by 20% to cause the accident.
Considering the evidence respecting damages, the Court will make an award of $142,730.00, reduced by 20% to $114,184.00, that ■ sum to be distributed equally between the decedent’s widow and two children, i.e., one-third to each. In addition, the Court will award medical expense in the sum of $4,789.00 and funeral expense in the sum of $1,200.00 to the administratrix pursuant to West Virginia Code §55-7-6, in effect at the time of the accident.
Award of $44,050.34 to Lillian Akers Meade, Administratrix of the Estate of Gary Wayne Akers, deceased.
Award of $38,061.33 to Lillian Akers Meade, as guardian for and on behalf of Steven Wayne Akers.
Award of $38,061.33 to Lillian Akers Meade, as guardian for and on behalf of Christopher Lewis Akers.