WALLACE, JUDGE:
The claimants, Hazel Bartram and Foster Lee Bartram, husband and wife, filed this claim in the amount of $225,000.00 against the respondent for injuries sustained by Mrs. Bartram, medical and doctor bills, and damages sustained by Mr. Bartram’s automobile in a single car accident on February 3, 1981.
On the day of the accident, the claimant, Hazel Bartram, was driving her husband’s automobile from the Southern West Virginia Community College located in Williamson, West Virginia, to her home in Lenore, West Virginia. She was proceeding easterly on W.Va. Secondary Route 3/5 at approximately 20 mph. Route 3/5 is a two-lane blacktop road which runs generally east and west. On the south side of the road, in the accident area, there is an embankment and drainage ditch. On the northerly side there is a creek. At a point where a driveway enters the highway from the south, Mrs. Bartram came upon an icy spot which had formed from water draining from the driveway onto the highway. The record indicates that ice extended about four *24 feet onto the roadway and covered an area of 10-12 feet. Mrs. Bar-tram testified that she did not see the ice until she came upon it; that the automobile skidded, she lost control, and the vehicle came to rest in the creek. Mrs. Bartram further testified that she travelled the road twice a week, each Tuesday and Thursday, going to and from school. On the day of the accident, she travelled the road at about 9:00 a.m. going to school. At the time, she observed no water or ice on the highway.
Both claimants testified that they had seen water in the ditch line and on the road on prior occasions, but had never seen ice; that there were two sections of drainpipe lying on the ground near the road beside the driveway that had been there for several months. Mr. Bartram testified that the ditch line was stopped up at the driveway. Both testified that there had been a thaw on the day of the accident causing water to drain onto the highway, followed by a drop in temperature causing the water to freeze. Mrs. Bartram stated that she thought the road had been salted.
Records introduced through the claims investigator for the respondent indicated that salt and abrasives had been applied to the road surface by the respondent on the day of the accident. Respondent had no record that it had received any complaints of an unsafe road condition.
The claims investigator testified that the two sections of drainpipe beside the highway were purchased by the property owner and that the respondent had agreed to install them in the driveway ditch line, but was unable to do so because the property owner had not obtained a band to connect the sections of pipe together.
As a result of the accident, Mrs. Bartram received a broken collarbone, a chipped bone in her neck, damage to her teeth, and cuts and bruises. She received no permanent injuries. Her medical, hospital, and doctors’ bill were approximately $1,600.00. Claimants’ insurance paid for all damage to the automobile except a $100.00 deductible.
From the record, the Court does not believe there is a clear showing that respondent knew or should have known a condition existed which would be expected to cause injury or damage. The law is well established in West Virginia that the State is neither an insurer or guarantor of the safety of a traveler on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947), Parsons v. State Road Comm’n., 8 Ct.Cl. 35 (1969). For the respondent to be found liable for damages caused by said conditions of this type, the claimants must prove that the respondent had actual or constructive knowledge of the condition and a reasonable amount of time to take suitable corrective action. *25 Cash v. Dept. of Highways, 13 Ct.Cl. 252 (1980). The evidence establishes that water did drain onto the roadway from the ditch line, but the evidence also established that the respondent had placed salt and abrasives on the surface of the road. For the foregoing reasons, this claim must be denied.
Claim disallowed.