GRACEY, JUDGE:
On February 22, 1978, claimant, Sandra Kay Cassidy, was involved in a single-vehicle accident on an elevated portion of Interstate 64 near the Fort Hill Bridge in Charleston, Kanawha County, West Virginia. During that winter, snowfalls in Kanawha County had been heavy, and respondent, in order to keep the interstate clear, had allowed snow to be plowed against the retaining wall. Claimant, upon approaching the bridge, lost control of her vehicle, struck the left retaining wall, crossed three lanes of traffic, and struck the right retaining wall. The vehicle ran up a bank of snow which had been plowed against the wall, travelled on top of the retaining wall for a short distance, and struck a lamp post. The vehicle then fell off the retaining wall approximately 70 feet to MacCorkle Avenue below. Claimants seek $150,000.00 in damages, alleging that respondent was negligent in placing snow against the retaining wall which reduced the protection the walls afforded motorists.
Claimant Sandra Kay Cassidy testified that as she approached the area of the bridge, she was travelling approximately 42-43 m.p.h. At the time, it was neither snowing nor raining. There was powdery snow on the road, but no accumulation. As she entered a curve, her vehicle, a 1969 Oldsmobile station wagon, slid to the left hitting the retaining wall. The vehicle then began sliding to the right. Claimant’s attempt to straighten out the vehicle failed, and the automobile went up and over *178 the right retaining wall. Claimant sustained a fractured right shoulder, a broken knuckle, facial lacerations, and several broken teeth. She was treated and released from the hospital on the date of the accident. The vehicle was a total loss.
Trooper W.D. Sellards of the West Virginia Department of Public Safety was investigating another accident on 1-64 when he observed the Cassidy vehicle sliding across the highway. He stated that he saw the automobile only after it had struck the left retaining wall. The vehicle appeared to him to be sliding on rock salt which had been applied to the highway a short time before. The highway seemed to him to be free of ice. Trooper Sellards stated his opinion that the accident resulted from the claimant’s failure to maintain control of her vehicle, but he made no actual investigation of the incident. He further stated that the vehicle struck the right retaining wall at about a 45 ° angle.
Garland W. Steele, Construction Maintenance and Materials Engineer, testified that there were snowfalls prior to claimant’s accident. He said that respondent was engaged in “almost continuous snow and ice control operations.” The snowfall was, in fact, the heaviest since the opening of the interstate. Mr. Steele said that maintenance procedures at that time first required clearing the travell-ed portions by storing snow on the shoulders. After all roads are plowed or otherwise treated and “the work has progressed to the point where you can spare the resources to do so, you begin to remove snow set back, as the terminology is, the snow that’s on the shoulder of roadways and remove stored snow from bridges and areas such as that.” Snow is removed from drainage areas before other berm areas, according to Mr. Steele, and on this section of 1-64, the drains are located on the left side of the road. The procedures respondent followed in 1978 were nationally accepted standards for snow removal, Mr. Steele testified, and this statement was confirmed by other employees of respondent.
Charles R. Lewis, II, a Traffic Engineer stated that he reviewed different barrier or retaining wall designs. The design of the barriers is such that vehicles which come in contact with them should be deflected back into the highway. The testing of the barriers generally involves vehicles which strike them at angles up to 15 °. There was also some testing, Mr. Lewis said, at angles of 25 °, but none that he was aware of which tested the effectiveness of the barriers when struck at an angle of 45 °. Mr. Lewis added that there has been no testing of barriers in snow or ice conditions.
In order for the Court to make an award in this case, the claimant must establish that the respondent is guilty of negligence by a *179 preponderance of the evidence. The negligence alleged in this claim is the temporary storing of snow along the barrier which allegedly caused claimant’s vehicle to leave the highway. This Court has held repeatedly that the State is neither an insurer nor a guarantor of the safety of persons travelling on its roadways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). Respondent has been charged with the qualified duty of reasonable care and diligence in the maintenance of the highways under all circumstances. Parsons v. State Road Commission, 8 Ct.Cl. 35 (1969). The Court has concluded that claimant has not established, by a preponderance of the evidence, that respondent has failed in this duty of reasonable care and diligence. Although certain of respondent’s employees conceded that plowing snow against the barrier could be hazardous, it was shown that at the time of this accident, this was an accepted practice nationwide. Furthermore, it would be pure speculation on the part of this Court to hold that the stored snow was the proximate cause of claimant’s vehicle leaving the highway, as there is little, if any, evidence of the barrier’s effectiveness when struck by a vehicle at a 45 ° angle. Finally, it has not been established why claimant lost control of her vehicle at the outset of the accident, and the Court would again be forced to speculate what negligence, if any, on her part may have caused or contributed to the accident. The facts certainly suggest that she was operating her vehicle at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. The Court is therefore of opinion to deny the claim.
Claim disallowed.