LYONS, JUDGE:
On April 13, 1981, claimant was driving her 1980 Chevrolet Chevette on Route 88 near Wheeling, Ohio County, West Virginia, when she struck a pothole and lost control of the vehicle. Claimant testified that “something snapped underneath the car” and she lost the ability to brake or steer the automobile. She then struck a vehicle parked on the side of the road, crossed over the road, travelled through a cable guardrail, and down an embankment coming to rest in a creek. Claimant sustained injuries to her back and ankle, and seeks $100,000.00 based on respondent’s alleged negligent maintenance of Route 88.
*247 Claimant testified that she did not observe the pothole before striking it as it was dark and the hole was filled with water. She further stated that she did not travel Route 88 on a regular basis, but was aware of potholes on that road. She had no specific knowledge of the pothole she struck. Claimant estimated her speed at 15-20 m.p.h.
John Vanaman, Ohio County Road Supervisor, testified that he was familiar with the pothole claimant struck. He said that the hole was about two feet in diameter and six or seven inches deep. He stated that Route 88 is considered a primary road and, consequently, it is inspected at least once a week. He said that during the period of March and April 1981, the road was patched “quite a few times, numerous times” with cold mix. Cold mix is a temporary patching agent which is all that is available at that time of year. Mr. Vanaman said that cold mix will stay on the road unless it rains or snows. Hot mix is used as patch material and is not available until mid-May each year, he said.
Gordon S. Peake, area engineer for Ohio County in 1981, testified that he had observed the pothole being patched three times between mid-March and the time of claimant’s accident. He also said that the guardrail was not “in real good shape,” but was functional in that it should have stopped a vehicle.
Dr. Harry Weeks, Jr., whose vehicle was struck by claimant’s automobile, testified that he knew of at least two occasions when the pothole was patched in the 4 to 6 weeks prior to the accident.
Claimant was hospitalized for her injuries until May 15, 1981. Dr. John P. Griffith, Jr., an orthopedic surgeon, treated claimant while she was hospitalized. He described her ankle injury as consisting of torn ligaments and a change in the normal configuration of the ankle joint. A cast was applied to the leg until May 27, 1981, and Dr. Griffith stated that claimant has no permanent disability due to the ankle injury. Her back injury was described as a compression fracture to the body of the 12th dorsal vertebra. This injury required claimant to wear a back brace for six months following the accident. Dr. Griffith stated that this injury probably was permanent in nature, in that claimant would likely continue to suffer pain and discomfort as a result of this injury.
This Court on numerous occasions has held that the State is not a guarantor of the safety of travelers on its highways, and its duty to travelers is a qualified one of reasonable care and diligence in the maintenance of a highway under all the circumstances. Parsons v. State Road Commission, 8 Ct. Cl. 35 (1969). However, the State may be found liable “If the maintenance of the roads falls short of the standard of reasonable care and diligence . . . under all circumstances.” Farley v. Dept. of Highways, 13 Ct.Cl. 63 (1979).
*248 Having knowledge of the dangerous conditions of the highway, it then became the duty of the respondent under that standard to correct the danger or erect warning signs. Pullen v. Dept. of Highways, 13 Ct.Cl. 278 (1980).
The respondent’s failure to erect warning signs of rough road ahead, or to correct the dangerous condition, constituted negligence which proximately caused the accident and the resulting injury of the claimant. The condition of the potholes and of the guardrails existed for some time, and no explanation was offered for the respondent’s failure to warn motorists of the danger created by the potholes.
Claimant introduced the hospital bill in the amount of $5,919.45. However, this bill must have been paid as it is in the name of John Williams, claimant’s ex-husband, and also was billed to Equitable Life Assurance Society. Claimant also introduced the bill of Dr. Griffith and Vukelich Associates in connection with her injury in the amount of $698.00.
The Court has determined that claimant sustained a back injury which has caused and will continue to cause her severe pain and suffering, and makes an award in the amount of $35,000.00 plus doctor bills in the amount of $698.00, for a total of $35,698.00. The Court has determined that there was negligence on the part of the claimant due to her knowledge of the condition of the road. The award will accordingly be reduced by 40 percent to reflect claimant’s negligence.
Award of $21,418.80.