LYONS, JUDGE:
This claim arises out of an automobile accident which took place on April 9, 1984, on U.S. Route 52 near Taylorsville, Mingo County. Claimant Joseph Mullins was injured in the accident and seeks damages for his injury and the resultant medical expenses. Claimant Dora Mullins seeks damages for the loss of her Volkswagen automobile and for loss of consortium.
It is alleged that respondent failed to repair two potholes and failed to properly maintain water drainage at the scene of the accident. The accident occurred on April 9, 1984 between 9:00 and 10:00 p.m. Claimant was driving his wife's Volkswagen automobile in a northerly direction en route to meet his wife in Taylorsville. Claimant was alone in the vehicle at the time. Claimant's testimony revealed that it was dark and raining steadily on the evening of the accident. Claimant approached an S-shaped curve and swerved to the left to avoid a second pothole. The front tire of the automobile dropped into the hole. The automobile's tire blew out. After claimant's automobile struck the second pothole, *91 he did not have the automobile under control. The automobile proceeded into an accumulation of water on the road and then veered off the road and overturned into a ditch.
Claimant crawled up to the road surface and was picked up by a friend, Robert Justice, who transported claimant to his mother's house. Claimant refused to go to the hospital that evening, but his mother took him to Logan General Hospital the next day. Claimant was then transported by ambulance to Charleston Area Medical Center where he was treated for a broken neck. Claimant remained at that facility until April 21, 1984, when he was released.
The parties submitted the deposition of Dr. Tony C. Majestro taken February 4, 1986. Dr. Majestro stated the following prognosis: "Healing of this fracture is usually satisfactory. He should be able to return to his original employment after complete healing of the fracture."
There is conflicting evidence in the record concerning the size of the potholes. The claimant described the first pothole as being 10 to 12 inches wide and approximately 6 to 8 inches deep. He indicated that the second pothole was approximately 31/2 feet in length, 16 to 18 inches in width, and 10 to 12 inches in depth.
Trooper B. R. Chafin, who investigated the accident, confirmed the fact that there was a large section of water on the road at the time. When queried by the Court, Trooper Chafin stated that he did not observe any particularly large potholes at the scene.
Claimants' witness, Mrs. Gladys Burke, testified that on December 7, 1983, she reported water "had went across the road..." at the "Andy Farley" curve which she described as an "S' curve. She also reported water on the road in two other places at the same time. She telephoned the "State road garage' and spoke to a woman who identified herself as "Tina."
It is the opinion of the Court that the record establishes that respondent was negligent in failing to maintain the drainage of water onto the road at this site. However, the record establishes that the claimant was familiar with the existence of potholes in the road and with the propensity of water to accumulate on the surface of the road at this particular location. Under the doctrine of comparative negligence, the negligence of the claimant in traveling the road at night, in the rain, and known to him to be in disrepair, was equal to or greater than the negligence of the respondent in its failure to maintain the stretch of water. Hatfield v. Dept. of Highways, 14 Ct.Cl. 220 (1982). Accordingly, the claim is disallowed.
Claim disallowed.