PER CURIAM:
Claimant, accompanied by his wife in his automobile, had turned left from MacCorkle Avenue southwest onto Riheldaffer Avenue on June 14, 1988, at approximately 7:00 p.m. There was a drain with a grate located to the right side of the lane, and claimant's vehicle went into the hole created by the drain. The beauty rings on his 1984 Ford Tempo required replacement for which he seeks $31.04.
Claimant testified that it was a clear day, and that visibility was approximately one hundred yards. He stated that the grate was recessed about six inches and that it was a the right edge of Riheldaffer Avenue. It is a narrow street. His speed was approximately ten mile per hour. He had not seen the drain hole before his automobile struck it. At the time the automobile struck the hole, there were no vehicles approaching claimant's vehicle on Riheldaffer Avenue.
After the accident, claimant found the beauty ring from his automobile "... off to the side." He did not know how the beauty ring became damaged. It is possible that he or another driver ran over the ring, and it was damaged in that manner.
The Court has consistently held that the State is neither an insurer nor a guarantor of the safety of motorists travelling on its highways. Adkins vs. Sims, 130 W.Va. 645 (1947). Respondent has been charged with the qualified duty of reasonable care and diligence in the maintenance of the highway under all circumstances. Parsons vs. State Road Comm'n, 8 Ct.Cl. 35 (1969). The Court has concluded that the claimant has not established by a preponderance of the evidence that respondent has failed in this duty of reasonable care and diligence. It would be speculation on the part of the Court to hold that the recessed grate was the proximate cause of the damage to claimant's automobile. The Court is therefore of the opinion to deny the claim.
Claim disallowed.