PER CURIAM:
On May 26,1994, at approximately 8:30 a.m., claimant, Judith P. Gibbs, was driving her vehicle, a 1994 Honda Accord, on Howells Mill Road, also known as Cabell County Route 1. She was traveling between 30 and 35 miles per hour under clear and dry weather conditions. On this occasion an oncoming vehicle was attempting to avoid a hole in its lane, and in doing so, encroached upon claimant’s driving lane. Claimant was forced to drive off the road to avoid a collision with the oncoming vehicle. As a result, claimant’s vehicle struck a “crumbled” area along the edge of the road which damaged both side tires of her vehicle. Claimant seeks an award of $450.00 for the damages to her vehicle. Claimant has insurance with a $250.00 deductible.
Tom Thornburg, Cabell County Supervisor for the respondent, testified his responsibilities include road maintenance in the vicinity of the accident. He described County Route 1 as a secondary priority road with a blacktop surface and two traffic lanes. The deterioration of County Route 1 was attributable to the harsh weather conditions early in 1994, and heavy logging truck traffic. Furthermore, some of the logging trucks had been stopped for carrying excessive loads. Mr. Thornburg was also aware that County Route 1 had experienced edge failure in various places. For these reasons, a hot mix asphalt material was used to patch County Route 1 on June 8,1994.
Although the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways, it does owe a duty of reasonable care and diligence in the maintenance of roads within the State. Parsons v. State Road Commission, 8 Ct. Cl. 35 (1969). In order for respondent to be held liable for damages caused by a defect in the road, it must have had either actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Department of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent was aware of factors which placed it on notice of the road defect. Primarily, there were numerous heavy trucks traveling on County Route 1. Moreover, some of these trucks were known to be overloaded. Respondent was also aware the harsh weather early in 1994 had contributed to the deterioration of the road. The Court is not unmindful of the fact that this harsh weather also created numerous problems on the other roads in Cabell County, which needed to be corrected. However, the Court has determined that some type of remedial action should have been performed in this area prior to May 26, 1994. Therefore, the Court has determined the respondent was negligent in its maintenance of County Route 1 on the day of claimant’s accident and an award should be made in this case. In accordance with the principle of collateral sources followed by this Court, an award is made in the amount of claimant’s deductible, $250.00.