PER CURIAM:
Claimant brought this action for damage to his 1995 Chevy S-10 truck. The incident occurred when he was traveling on State Route 16 near War in McDowell County, and his vehicle slid on excess gravel on the road. This caused him to lose control of the vehicle which then struck the hillside. This portion of road is maintained by the respondent in McDowell County. The Court is of the opinion to make an award for the reasons stated more fully below.
The incident giving rise to this claim occurred on January 28, 2001, between 1:30 and 2:00 p.m. The claimant was returning from Charleston to his home in War. He was traveling southbound on Route 16 in his Chevrolet S-10 pickup truck. The weather was clear and the road was dry. However, there had been a heavy snow a few days prior to this incident which had covered the road. There were no vehicles near the claimant in either lane of traffic. He was traveling down a curvy hill at approximately twenty miles per hour. As he approached a sharp s-tum in the road, he slowed h is vehicle to fifteen miles per hour. Claimant testified that he felt his truck *95 slide on the large amount of gravel on the road. He tapped the brakes, but he could not maintain control of the truck, which then slid into the side of the hill. The force of the impact damaged the truck’s right side of the front bumper and the right side front fender. Claimant submitted a repair estimate in the amount of $297.86. He testified that he was familiar with Route 16 and traveled it approximately two to three times a week. He stated that he had just traveled the same portion of road the day prior to this incident and there was still snow on the road. Claimant is employed by the respondent in McDowell County and he stated that he had assisted the maintenance crew in salting the section of Route 16 where this incident occurred on the night of January 26, 2001. He stated that he remembered that they had salted the road quite heavily due to the snow. He described the gravel used in the salting of the road as fine in texture and approximately a quarter inch round.
Claimant asserts that the respondent left too much gravel on the road and that it should have been removed from the travel portion of the road once the snow had melted. He asserts that the large amount of gravel left after the snow melted created a hazardous condition and that respondent should have been aware of this condition and taken adequate remedial measures to correct it.
Respondent’s position is that it was not aware that the gravel created a hazard to the traveling public and that the claimant knew that there was gravel on the road at this location and yet he failed to operate his vehicle with due care under the circumstances then and there existing. Gose Richard Yates, the transportation crew leader for the respondent in McDowell County, testified that his crew had salted the road during the night of January 26, 2001 due to a significant snowfall. According to Mr. Yates, they used a mixture of salt and fine gravel. The gravel is approximately a quarter inch or smaller. He stated that in situations when the snow melts, the gravel left over from the salting is kicked out to the sides of the road by traffic. However, in this particular situation, Mr. Yates stated that there was a large amount of gravel remaining on the travel portion of the road at the location of this incident. He personally went to the location after Mr. Williams reported the incident to him and swept the gravel out of the travel portion of the road. Mr. Y ates admitted that the curve where this incident occurred is a dangerous one and that the gravel possibly could have contributed to the wreck.
The State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). However, the State does owe a duty of reasonable care and diligence in the maintenance of a highway. Parsons v. State Road Comm'n., 8 Ct. Cl. 35 (1969). For the respondent to be held liable in this claim, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice ofthe road defect in question. Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). In the present claim, the evidence established that there was a large amount of gravel used in salting the road and that there was a large amount of excess gravel left on the road after the snow melted. The large amount ofthe fine gravel remaining in a sharp, blind curve of the road created a hazardous condition which the respondent should have been aware of and corrected once the snow had melted. However, the Court is also of the opinion that the claimant was at fault in failing to exercise due care. Claimant had helped place the salt and gravel mix on the road. He was aware or should have been aware that some excess gravel would be left on the road especially since the incident occurred on a weekend. Therefore, the Court is of the opinion that claimant is at fault to the extent of thirty percent for the accident which caused the damages to his vehicle.
*96 Accordingly, the Court makes an award to the claimant in the amount of $208.50.
Award of $208.50.